Mississippi Central Railroad Company vs. John Caruth.

1. *Liability of a railroad for obstructing water course, and overflowing lands.*
   Where a railroad company, by filling up a trestle under their road, and by
   making ditches, cattle guards and culverts too small to carry off the
   water, overflows adjoining lands, and the owner of such lands sustains
   damages by reason thereof, the railroad company is liable to the owner
   of the lands for the amount of the damages actually sustained.

2. Same: *Verdict for excessive damages.   Rule on the subject.*
   In actions sounding in damages, where the law furnishes no rule of meas-
   urement, save the discretion of the jury upon the evidence before them,
   courts will not disturb a verdict upon the ground of excessive damages,
   unless it be so flagrantly improper as to evince passion, prejudice, par-
   tiality or corruption.   Upon a mere matter of damages, where different
   minds might, and probably would, arrive at different results, and noth-
   ing inconsistent with an honest exercise of judgment appears, the ver-
   dict should be left as the jury found it.

ERROR to the Circuit Court of *Marshall* County.

Hon. Orlando Davis, Judge.

The reporters find no record in this case, and can give no ab-
stract or briefs, but the facts of the case are sufficiently set out in
the opinion of the court for a fair understanding of the principles
involved in the case.

*Watson & Manning* and *Yerger & Nugent,* for plaintiffs in error.

*Walter & Scruggs,* for defendants in error.

Peyton, C. J., delivered the opinion of the court.

John Caruth, on the 24th day of June, 1870, sued the Missis-
sippi Central Railroad Company in the circuit court of Marshall
county, for the recovery of damages alleged to have been sus-
tained by him by the overflow of his land, produced by the neg-
lect of the defendants to construct their road-bed and keep well
opened the necessary and proper ditches and drains for the pass-
age of water.

To this suit the defendants pleaded two pleas :   1. The plea of
not guilty; and, 2. The statute of limitations.   Upon the issues
taken upon these pleas by the plaintiff, the cause was submitted

to a jury, who found for the plaintiff, and assessed his damages at $800. Whereupon, the defendants moved for a new trial, upon the following grounds:

1. Because the court erroneously charged the jury on the part of the plaintiff.

2. Because the damages found by the jury were excessive.

3. Because the verdict was contrary to law and evidence.

The motion was overruled and judgment rendered on the verdict, from which the defendants bring the case to this court, and make the following assignment of errors:

1. The court erred in overruling the motion for a new trial.

2. The court erred in giving the instructions asked by the defendant in error.

We think the instructions given for the plaintiff below, as qualified by those given for defendants below, propound the law correctly. Nor do we think the court erred in overruling the defendants' motion for a new trial.

It appears from the testimony that the damage done to the plaintiff's land was caused by defendant's filling up a trestle under their road, and in making the ditch on the east, the cattle guard and culvert too small to carry off the water. In the well considered case of Whitcomb v. Vermont Central Railroad Company, 25 Vt., 49, it was held that if by making imperfect sluices or other passage for streams which defendant's road crosses, the land of the adjoining proprietors is injured, the defendants are liable, whether any portion of their land had been taken by the company or not. 1 Redfield's American Railway Cases, 296.

In the present case we think it was the duty of the defendants to make and keep open such culverts and sluices as are necessary for the passage of the water. We think, therefore, that the plaintiff is entitled to have such damages of defendants as he has sustained by reason of their filling up the trestle under their road, and of not building such a culvert as would be ordinarily needful in that place, such as prudent men, under the circumstances, would have been likely to build.

It was urged on the motion for a new trial that the damages found by the jury were excessive. The rule on this subject is, that in actions sounding in damages, where the law furnishes no legal rule of measurement, save the discretion of the jury upon the evidence before them, courts will not disturb the verdict upon the ground of excessive damages, unless it be so flagrantly improper as to evince passion, prejudice, partiality or corruption in the jury. Upon a mere matter of damages, where different minds might and probably would arrive at different results, and nothing inconsistent with an honest exercise of judgment appears, the verdict should be left as the jury found it. 7 George, 660, and 44 Miss., 466.

This is a case in which there is a conflict of testimony, and the finding of the jury either way would not justify the court in setting it aside, unless for partiality or corruption in the jury, which does not appear in this case.

The judgment will therefore be affirmed.