ALABAMA & VICKSBURG RAILWAY CO. *v.* J. M. PHILLIPS.

1. INSTRUCTION. *Weight of evidence. Assuming facts.*

An instruction is not objectionable, as being on the weight of evidence, because it assumes as true matters proven by both parties, or about which there is no controversy.

2. RAILROADS. *Speed in towns. Code 1880, § 1047. Negligence.*

Although by § 1047, code 1880, running a train within an incorporated town at a *greater* rate of speed than six miles an hour is *per se* negligence, it does not follow that running at a *less* rate of speed is always lawful. Whether it is negligence or not must be determined by the circumstances of each case.

3. SAME. *Accident at crossing. Reasonable precautions. Instruction.*

In an action to recover of a railroad company for injuries received in jumping from a vehicle to avoid collision with a moving train at a crossing, it is error to instruct for plaintiff that, in determining whether the engineer did all he should have done to avoid the collision after he

saw the vehicle and its danger, the jury might consider certain stated facts which throw no light on that inquiry, but merely tend to show negligence *before* seeing the vehicle.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

Action for personal injuries. Judgment for plaintiff for $300. Defendant appeals. The opinion sufficiently states the case.

*Shelton & Brunini*, for appellant.

Appellant's duty to stop its train did not arise until the engineer saw that the vehicle would not stop. He had a right to suppose that drivers of all vehicles would be on the lookout for trains. *Railroad Co.* v. *Mitchell*, 52 Miss., 808. The right of the traveler upon the highway and at crossings of the company are, in a sense, equal, but that of the latter is superior in respect to priority of passage. *Railway Co.* v. *Walker*, 3 Am. St. R., 638. There is no duty to stop because persons are seen approaching the track. It is presumed they will take needed precautions. 10 Am. St. R., 614; 11 *Ib.*, 778. The only duty on defendant was not to move its trains over six miles an hour, give proper alarms, and for the engineer to be on the lookout. The fourth instruction imposes a different and greater degree of care, but still leaves it uncertain what the duty of the defendant was. From it the jury might well infer that, because the view of the crossing was obstructed, the train should have been brought to a standstill. The proper standard, as to negligence, in such case is given in *Railroad Co.* v. *Scurr*, 59 Miss., 456. It was necessary to show gross negligence or reckless disregard of consequences.

*Nugent & McWillie*, on the same side.

The fourth instruction assumes that there was evidence tending to show that it reasonably appeared to the engineer, at some time, that the herdic could not be stopped before

reaching the track, and that the only issue was the exercise of ordinary care after such discovery. The reverse is shown by the uncontradicted evidence. The recitation of certain facts in the instruction gave undue prominence to them, and this is on the weight of evidence. *Hemingway* v. *State,* 68 Miss., 371; *Cheatham* v. *State,* 67 *Ib.,* 335; *Meyer* v. *Blakemore,* 54 *Ib.,* 570; *Dean* v. *Tucker,* 58 *Ib.,* 487.

*Dabney & McCabe,* for appellee.

There was no error in the instructions. They were even more liberal than defendant was entitled to under the law. If error there was, it was in instructing that the company had greater rights at the crossing than the herdic had. Their rights were at least equal. There was evidence that the engine was backing at a rate of twelve miles an hour. The crossing was a public one, and the view obstructed. We submit there was gross negligence, and defendant should congratulate itself on the meagerness of the verdict.

Argued orally by *W. L. Nugent,* for appellant.

COOPER, J., delivered the opinion of the court.

The danger of multiplying instructions in the trial of causes finds another illustration in this case.

The plaintiff sued to recover damages for an injury caused, as he contends, by reason of the negligence of the servant of appellant in the management of an engine in the city of Vicksburg, by reason of which there was apparent danger of collision between the engine and a herdic, in which plaintiff was a passenger, to escape which danger he jumped from the herdic, and in so doing received the injury for which he seeks recovery.

The negligence of defendant's servant was sought to be established (1) by evidence tending to show that the engine was rapidly driven along defendant's road, where the same was crossed by Cherry street, and that no reasonable look-

out was kept to see whether there was danger to persons passing along said street and across said road; (2) by evidence tending to show that after the danger was discovered by defendant's servant, he failed to exercise care to avoid the threatened injury.

Many instructions were asked, and among those given for the plaintiff was the following, marked 4 in the record:

"Negligence is a want of ordinary care. What would be negligence in one case might not be in another. The rule is, the greater the risk or danger, the greater must be the care; and in determining whether the defendant company used ordinary care in stopping its engine after it reasonably appeared to the person in charge that the herdic would not stop before reaching the track, the jury are to look at all the facts disclosed by the evidence—the fact that the collision occurred on one of the public streets of the city, where plaintiff had a right to be, and where persons and vehicles are constantly passing and repassing; the experience or inexperience of the person in charge of the engine; the speed at which it was going; the difficulty, if any, of seeing persons or vehicles approaching the crossing from either direction; the nearness he would have to approach to the crossing before he could see persons or vehicles on the same, and all other facts and circumstances established by the evidence, which would, in the opinion of the jury, shed any light upon the inquiry. And should the jury, after a careful consideration of all such facts and circumstances, be of opinion that the company did not use ordinary care in so stopping its engine, they will find the issue joined for the plaintiff, if they believe from the evidence he was injured thereby, even though the jury believe from the evidence that the injury was not caused by running at a greater rate of speed than six miles an hour."

Appellant objects to this instruction, upon these grounds:

1. Because it assumes as proved, the fact that at some time before the collision the engineer realized that the herdic would go across the track; that the collision was upon a

public street; that the plaintiff had a right to go along said street over the railroad; and that persons and vehicles were constantly passing and repassing at the crossing.

2. Because it permitted the jury to find that the engineer was careless in approaching the crossing, though the rate of speed of the engine was less than six miles per hour.

3. Because the facts to which the attention of the jury was directed were not relevant to the inquiry suggested by the instruction.

Neither of the first two exceptions is well founded. True, the instruction assumed the facts therein recited to be proved, and this would have been erroneous if the facts so assumed had been controverted. But there was no conflict in the evidence touching these facts, or any of them. In fact, they were testified to by the witnesses for both plaintiff and defendant. While the court may not by an instruction express an opinion upon the weight of evidence, or assume a controverted fact to be proved, it is not erroneous to so instruct upon facts as to which there is no controversy, but which have been proved by both parties, or conceded to be true.

The second objection is untenable, for the reason that it rests upon the hypothesis that a railroad company owes no other duty to those passing along the streets of a city than to run its trains at a less rate of speed than six miles an hour, and to ring the bell or blow the whistle in crossing streets. This is a total misconception of the purpose and effect of the law prohibiting trains from being run within the limits of an incorporated town at a speed exceeding six miles an hour. The statute makes a greater rate of speed than six miles an hour unlawful, but it does not result that a less rate is at all times and places, and under all circumstances, lawful. That is to be determined by the circumstances of each occasion, and if, *but* for the statute, negligence would be imputed to the company, it is not *by* the statute absolved therefrom. Running a train within the limits of a town at a speed exceeding

six miles an hour is *per se* negligence; running it at a less rate may or may not be, according to the circumstances.

The third exception is well taken. The instruction is erroneous. By it the jury was instructed that, in determining whether the engineer was guilty of negligence in not stopping his engine *after* he had discovered the danger of collision, it might, and should, consider certain facts tending to show negligence before he saw the herdic.

If the instruction had been that, if by reason of negligence existing before the engineer discovered the herdic the injury resulted, the company would not be absolved from liability, because, after the engineer saw the impending danger, he did what he could to avoid it, that would have been a correct announcement of the law. But it is not true that any thing less than negligence 'before seeing the herdic, added to any thing less that negligence after seeing it; or that negligence before seeing added to less than negligence after seeing the herdic, would warrant the jury in finding the particular negligence pointed out by the instruction, viz., the failure to use ordinary care in stopping its engine after it appeared to the person in charge that the herdic would not stop before reaching the track.

The evidence is conflicting, as well upon the question of a negligent approach to the crossing as upon that of the conduct of the engineer after he had discovered the danger of collision. It is difficult to suggest what the engineer might have done to avoid the collision, after he discovered the danger, other than to stop the engine. Indeed, plaintiff's instruction assumes that the negligence was in not sooner stopping it. Now, it is manifest that, in the nature of things, the facts detailed in the instruction could throw no light upon the conduct of the engineer after the danger was seen and appreciated. The fact that the collision was upon a public street, where the plaintiff had a right to be; that persons were passing and repassing; the difficulty of seeing persons approaching the crossing, were all pertinent to the inquiry

"whether the engineer should have expected persons to be on the crossing," and may, under circumstances, fix negligence upon him for not anticipating that persons would be there, and for not acting in reference to such expectation; but neither one nor all of them could afford any evidence of what he did or did not do after he saw and realized the danger of an impending collision.

We cannot say that the jury was not influenced by this instruction to the injury of the appellant.

*The judgment is reversed and cause remanded.*