THOS. R. HILL v. ALABAMA & VICKSBURG RAILWAY COMPANY.

1. DAMAGES.   *Inadequate.   New trial.*

It is the duty of the court in proper cases to set aside a verdict and grant plaintiff a new trial where the jury have failed to award adequate damages.

2. SAME.   *When courts will interfere.*

In actions sounding in damages, in which the law furnishes no rule of measurement save the discretion of the jury, courts will disturb a verdict because of inadequacy only where the award is so flagrantly improper as to evince passion, prejudice, partiality or corruption.

3. SAME.   *When courts will not interfere.   Conflict of evidence.*

Where there is a conflict of evidence as to the extent of plaintiff's injuries and as to whether his subsequent ailments are attributable to defendant's acts, an award of damages will not be set aside on plaintiff's motion as inadequate if there be evidence which justifies the conclusion that the sum awarded is full compensation. *Hasie* v. *Alabama, etc., Ry. Co., ante,* p. 580.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Hill, appellant, was plaintiff in the court below; the railway company was defendant there.   The suit was for personal injuries; the plaintiff claimed, and he and his witnesses testified, that he was a passenger on defendant's freight train, riding in a caboose, from Jackson to Vicksburg, on March 14, 1898; that nothing whatever occurred to or on the train out of the ordinary at Jackson, but when the train reached Bovina, in Warren county, a violent collision—sufficiently violent to break the cars —occurred between the caboose and some other cars, by which he was seriously, painfully, and permanently injured, rendered unconscious, wholly incapacitated for business, and that he has

remained largely so ever since; that as a result of his injuries his eyesight has been greatly impaired, his hair become prematurely gray, eruptions and discolorations appeared all over his body, and that he had only found relief from these cutaneous ailments a short time before the trial after many months stay at the Hot Springs in Arkansas.  He admitted, however, that he had made but one trip from Jackson to Vicksburg within three months, either before or after the date he received his injuries.  That upon reaching Vicksburg (and he was carried on there by the same train), he made his way, consciousness being partly restored, to the Piazza Hotel, where he registered on arrival in the afternoon as a guest.

The defendant's testimony showed that plaintiff was not a passenger on its freight train on the 14th of March at all; that no accident of any kind occurred at Bovina or elsewhere on that day; that plaintiff was a passenger on its freight train, boarding the same at Jackson for Vicksburg, on the 15th of March; that while the train was doing some switching in the yards at Jackson, before leaving the station, plaintiff was standing on the floor of the caboose looking out at the back door, and by the stoppage of the car plaintiff was caused to loose his balance, stumbled over his own valise, which he had placed in the middle of the floor, and fell against a stove, inflicting a very slight scalp wound, so insignificant that he protested against the conductor making a report of it to the company, claiming that it was a mere trifle; went on to Vicksburg without trouble or complaint, conversing with the train crew and a fellow passenger touching war incidents, and elicited from them information in regard to the battlefields at Baker's Creek and Champion Hill, near or through both of which the railway passed.  It was further shown by the defendant's evidence that plaintiff did not register at the Piazza Hotel, Vicksburg, on the afternoon of March 14, 1898, but did so register on the afternoon of the 15th of that month.  The plaintiff's demand was for $30,000; the jury gave him a verdict for $100, and, judgment

having been entered accordingly, he appealed to the supreme court.

*Green & Green,* for appellant.

The court will perceive that appellant asked only one instruction, and that was on the proper measure of damages, and it will also see the very obvious reason thereof that the railroad company tried to prove *"an alibi."* Appellant contended that the injury occurred at Bovina, the railroad that it occurred in Jackson. The determination of the *locus* of the injury was conclusive of the question of liability. If it occurred in Jackson, the company could in no way be responsible; if at Bovina, the only question was the measure of damages, and hence our instruction. This case involves the question (1) whether or not a court will set aside a verdict for being inadequate, and (2) under what circumstances it will exercise that power.

The jury found for the plaintiff, and by this verdict established beyond a shadow of doubt that the injury occurred not in Jackson, but in Bovina; that all of defendant's testimony as to the extent of the injury is without foundation, for none of them testified as to the extent of the injury that occurred in Bovina, except Dr. Wilson, and the jury discredited him.

The jury has conclusively established the falsity of the evidence of the railroad witnesses, and that they did not see what they said they saw; that Hill was not as he said he was. Appellant has shown that the actual damages resulting to him are (1) over a thousand dollars paid out as doctor's bill; (2) the loss of a position in which he made $3,500 to $4,000 a year, and every other position that he could obtain, until, on the first of June last, he lost the last job at $75 per month, and since then has been unable to do anything; (3) the great pain and suffering, the loss of a tooth, the ruining of an eye, and (4) the total inability to work any more; (5) and the permanent injury to his health. And for all this the jury saw fit to award him the paltry sum of $100.

As aptly put in the case of *Moseley* v. *Jamison*, 68 Miss., 336: "An appeal to the courts of the country which is met by a verdict declaring that the plaintiff's right to recovery is clear, but declining to give adequate compensatory damages, has certainly not met that response which justice requires. The aggrieved suitor has asked for and shown that he was entitled to receive bread, but has been given a stone. He has made out his right to recover for the wrong done him, and he has a right to recover for the wrong done him, and he has a right to demand and expect adequate compensatory damages, if nothing more. He has furnished the jury with a certain standard for estimating his damages, and the jury is not to be permitted wantonly and defiantly to disregard this certain standard in arriving at its conclusion. The right to adequate compensation is as fixed as the right to recover itself." *Railroad Co.* v. *Martin*, 29 So. Rep., 829; *De La Torre* v. *Railway Co.*, 48 App. Div., 127; *Benton* v. *Collins*, 47 L. R. A., 33; *Chouquelte* v. *Railway Co.*, 152 Mo., 257; *McNeil* v. *Lyons*, 20 R. I., 672; *Phillips* v. *Railway Co.*, 4 Q. B. Div., 406; *Henderson* v. *Ry. Co.*, 52 Minn., 479; *Morrissey* v. *Ry. Co.*, 30 App. Div., 424; *Brown* v. *Foster*, 1 App. Div., 578; 47 L. R. A., 46, 47; *Boyd* v. *Brown*, 17 Pick., 461; *Winn* v. *Columbian Ins. Co.*, 12 Pick., 288; *Sprague* v. *Bailey*, 19 Pick., 442; *Robbins* v. *Townsend*, 20 Pick., 351; *Hamilton* v. *Neilson*, 22 Mont., 540; *Benton* v. *Collins*, 125 N. C., 90; *Slrother* v. *Ry. Co.*, 123 N. C., 197; *Mining Co.* v. *Smelting Co.*, 122 N. C., 542; *Rettenhouse* v. *Ry. Co.*, 120 N. C., 544; *Nathan* v. *Railway Co.*, 118 N. C., 1066; *Picket* v. *Railroad*, 117 N. C., 616; *Blackburn* v. *Insurance Co.*, 116 N. C., 821; *Tillett* v. *Railroad*, 115 N. C., 662; *Jones* v. *Swepson*, 94 N. C., 700; *Bowen* v. *Railroad*, 91 N. C., 199; *Price* v. *Deal*, 90 N. C., 290; *Jones* v. *Mial*, 89 N. C., 89; *Lindley* v. *Railroad*, 88 N. C., 547; *Crawford* v. *Mfg. Co.*, Ibid, 554; *Roberts* v. *Railroad Co.*, Ibid, 560; *Allen* v. *Baker*, 86 N. C., 91; *Burton* v. *Railroad*, 84 N. C., 192; *Meroney* v. *McIntyre*, 82 N. C., 103; *Holmes* v. *Godwin*, 71

N. C., 306; *Key* v. *Allen,* 7 N. C., 523; *Barnes* v. *Brown,* 69
·N. C., 439; *Grant* v. *Little,* 126 N. C., 388; Sedgwick on
Damages, sec. 1322, p. 648; McNeil v. Lyons, 20 R. I., 671;
*Ramsdell* v. *Clark,* 20 Mont., 106; *Lake* v. *Bender,* 18 Nev.,
367; *Price* v. *Harris,* 10 Bing., 331; 25 Eng. Com. Law, 155;
*Zaleski* v. *Clark,* 45 Conn., 404; *Danson* v. *Wisner,* 11 Iowa,
8; *Patton* v. *Springfield,* 99 Mass., 635; *Coulter* v. *N. Y.,* 19
Wend., 119; Code 1892, § 4345; Code 1892, § 4353; Broom's
Legal Maxims (8th ed.), 331, 333; Broom's Legal Maxims
(8th ed.), 326.

*McWillie & Thompson,* for appellee.

The case, as one of fact, is somewhat peculiar. The plaintiff
took passage on a freight train of the defendant, intending to
go from Jackson to Vicksburg, and while in the caboose re-
ceived injuries.

He testified that he was injured on March 14, 1898, and
claims that the accident occurred at Bovina. The defendant's
evidence shows that the man was injured on March 15, and that
he received his injuries at Jackson. Confessedly Hill was not
a passenger from Jackson to Vicksburg on both of said days,
and confessedly he was not injured twice. The testimony, there-
fore, presented two very sharp issues, aside from the extent of
the damages and the manner in which it was inflicted, and
these two issues were: First, was the plaintiff injured on March
14, 1898, or was he injured on March 15, 1898, and, second,
where was he injured? Did he receive the blows and knock-
down at Bovina or at Jackson?

The record discloses the fact that for a whole day in the
progress of the trial the plaintiff insisted and swore, over and
over again, that he was injured on March 14, and that the place
was Bovina.

The defendant's witnesses averred that he was injured on
the 15th of March, and that the place was Jackson.

The court will perceive that the matter of date was quite material because the members of the freight train crew on the 14th were not of the crew on the 15th, and it would have been amusing to your Honors had you witnessed the progress of this trial, to see the merriment which it afforded plaintiff's counsel to claim that the litigants were passing each other on side-tracks, and they were in great *eclat* on the idea that the plaintiff was trying one case and the railway company another. But it happened that early in his testimony, Hill, the plaintiff, testified that he made but one trip in the month of March, and that as soon as he got to Vicksburg he went to the Piazza Hotel and registered as a guest.

During the night between the first day of the trial and the morning of the second one, the defendant produced a witness from Vicksburg, who was the clerk of the Piazza Hotel, at which Hill claimed to have registered, and caused this witness to produce the original hotel register itself, and it was shown by the witness and by the register that the plaintiff did not reach Vicksburg on the 14th of March, but did register at the hotel on the 15th, and how the smile on the face of the counsel for the plaintiff was changed when his client had to take the stand and go back on the date that he had sworn to so positively on the first day of the trial, and admit that he was mistaken; and the idea of passing on sidetracks went up into smoke. Hill was brought face to face with defendant's witnesses, and he was bound to admit that the witnesses for the defendant, the members of the crew of the freight train on the 15th, were witnesses who had opportunity to know all about the facts in his case, and that their testimony did not relate to an injury to some other person.

Having brought Hill down from his perch in respect to the date, and having shown that he was capable of making a great error, he had to face the defendant's testimony, which ought to have completely defeated his action. The issue whether the accident occurred at Jackson or Bovina of course

remained, but that issue was practically an immaterial one, and we were left to go to the jury upon the cause which produced the accident and the extent of Hill's injuries. According to the testimony of defendant's witnesses, conceding there was liability, the extent of plaintiff's damage was so slight that the $100 awarded him was ample compensation.

The first instruction asked by the plaintiff, and given at his request, advised the jury that they were the sole judges of the amount of damages, if any, to be awarded the plaintiff for his injuries. It seems to us remarkable that the plaintiff, having invoked in this case, and had applied to it, the principle that the jury are the sole judges of the amount of damages to be awarded, should complain of the proposition and manifest great disgust at his own medicine.

All of the pretenses about the sores on this man and the frightful condition in which he depicts himself to have been after the accident, were submitted to the jury, and they did not believe him; certainly not, in so far as he sought to make them believe his condition was attributable to the injury. They had a right to disbelieve him, because there was a failure to show any causal connection between the blow which he received and the frightful and hideous condition in which he claims to have afterwards been.

The truth is, that the verdict in this case, considered from a legal standpoint, is correct. The jury had a right to accept the defendant's theory as to the extent of the injuries, as well as the time and place of the accident, and while the defendant's witnesses averred that the jerk or stop which caused plaintiff's fall was not unusual, yet the jury could properly have considered from its effect and other evidence touching its character, that it was gross negligence in the railway employees to make such a jerk or bring the train to such a sudden stop, and, having done so, they very properly accepted the version of the defendant's witnesses as to the extent of the plaintiff's damages.

A court will not substitute its own opinion for the discretion of the jury, although the verdict is less than the court would have approved. *Berry* v. *Lake Erie, etc., R. Co.,* 72 Fed. Rep., 488.

Where there is a conflict in the evidence, the question of the inadequacy of a verdict should not be considered on appeal. *Railroad Co.* v. *Holland,* 18 Ill. App., 418; *Railroad Co.* v. *Harmes,* 52 Ib., 649; *Garlick* v. *Pella,* 53 Iowa, 651.

Where the law furnishes no rule of measurement, the court will not disturb a verdict as excessive (or inadequate) unless it be shown to be so flagrantly improper as to evince passion, prejudice, partiality, or corruption. Where different minds might and probably would arrive at different results as to damages, and nothing inconsistent with an honest exercise of judgment appears, the verdict will not be disturbed. *Railroad Co.* v. *Caruth,* 51 Miss., 77.

Argued orally by *Garner W. Green* and *M. Green,* for appellant, and *T. A. McWillie* and *R. H. Thompson,* for appellee.

BOOTHE, Special J.,* delivered the opinion of the court.

This action was instituted for the recovery of damages for personal injuries sustained by the appellant on appellee's train, used for both passengers and freight, after appellant embarked thereon at Jackson for Vicksburg. The testimony shows that the injury was inflicted at Jackson or Bovina, the preponderance of evidence being that it was done during some switching in the yard at Jackson. There was interposed the plea ,of the general issue and contributory negligence, and at the trial there was a verdict and judgment for appellant for $100, from which judgment he appealed. There are several assignments of error, but the one relied on by appellant is that the damages assessed by the jury are inadequate.

---

*Judge Calhoon having been of counsel before his appointment to the bench, did not take part in the case; he recused himself, and J. B. Boothe, Esq., was appointed by the governor as special judge in his place.

The power and duty of the court, in a proper case, to set aside a judgment and grant a new trial, where the jury have failed to award adequate damages, is well settled by authority and is correct in principle; but the rule laid down in such a case differs but little, if any, from that established for vacating judgments rendered upon the award of excessive damages. In actions sounding in damages, where the law furnished no legal rule of measurement, save the discretion of the jury upon the evidence before them, courts will not disturb the verdict upon the ground of excessive damages, unless it be so flagrantly improper as to evince passion, prejudice, partiality, or corruption in the jury. Upon a mere matter of damages, where different minds might and probably would arrive at different results, and nothing inconsistent with an honest exercise of judgment appears, the verdict should be left as the jury found it. *Railroad Co.* v. *Hurst,* 36 Miss., 660; 74 Am. Dec., 785; *Railroad Co.* v. *Whitfield,* 44 Miss., 466; 7 Am. Rep., 699; *Railroad Co.* v. *Caruth,* 51 Miss., 77. The case of *Moseley* v. *Jamison,* 68 Miss., 336 (8 So. Rep., 744), was an action for the recovery of damages for personal injuries sustained by Moseley by reason of his having been dangerously wounded by pistol shots fired without justification by Jamison. There was a verdict in favor of plaintiff for $5. The motion for a new trial was overruled, and judgment was entered in his favor, taxing him with the costs. From this judgment he appealed. It appeared that the plaintiff had not only made out his right to recover, but that the evidence showed further and undisputedly that considerable sums were expended by him for medical attention and supplies, and that for months he was wholly disabled for business, and the sum lost by this disablement was not attempted to be disputed. The jury said he was entitled to recover, but by their verdict he got nothing; the cost taxed against him being much more than the pittance awarded. The court very properly reversed and remanded the case, because the verdict was "utterly inconsistent, unreasonable, and unjust." In doing so, it was said by the court

that "it may be conceded that where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury may appear manifestly too small. In such cases of incertitude in the measure of damages, the matter must be left to the discretion of the jury; nor should its verdict be disturbed on its finding as to the proper amount to be awarded, except in the cases when it has been plainly produced by prejudice, or passion, or other improper motive."

The testimony in the case at the bar was conflicting, not only as to extent of the injury in the first instance, but as to whether the subsequent ailments of the appellant were the direct result of the injury, or that the injury contributed thereto. The jury had the question of fact before them, and were the sole judges of the truth or falsity of the testimony adduced, and they evidently did not believe that appellant was injured as materially as testified to by him, and that his subsequent mental and physical troubles, if really existing, are all traceable to the injury inflicted long before. It does not appear that the verdict was produced by prejudice or passion, or other improper motives. It is unnecessary, in this view of the case, to pass upon the other questions raised by the learned counsel for appellant.

*Affirmed.*