Brown *v.* State.*

(Division B. April 1, 1929.)

[121 So. 297. No. 27702.]

---

*Corpus Juris-Cyc References: Criminal Law, 17CJ, section 3593, p. 255, n. 56.

738

*R. S. Majure* and *W. I. Munn,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

GRIFFITH, J.  A review of the long line of the written opinions of this court will disclose that, from the beginning of its history, it has been consistently committed to the doctrine that the best and most practical means for the ascertainment of truth upon disputed facts, in that great range of controversies which have their settings in the general and ordinary affairs of life, is to submit them to a jury; and every member of the present court gives firm and sympathetic adherence to that principle, which, of course, embraces criminal as well as civil cases.  At the same time we are not to permit ourselves, nor did our predecessors, to become so visionary in respect to that subject, or so forgetful of the lessons of mature observation and experience in such matters, as to assume, variously encompassed and variously affected as jurors often are, that their judgments are invariably infallible, that their verdicts are not sometimes infected with the errors and imperfections which afflict all other human agencies, particularly those which are purely local in their operation and selection.  So that, while it is the thoroughly well-established general rule that the judge —and this includes the supreme court—is not to interfere with the findings of the jury on questions of fact, there is the equally well-established and imperatively essential exception to that rule that, although the court is reluctant to do so, the verdict is reviewable when manifestly it is without the substantial support of any competent evidence, or is clearly contrary to the overwhelming weight of the evidence.

We understand, of course, that we have stated nothing in the foregoing sentences which has not, in other words, been stated over and over again in this court, and that we add nothing new when we say that it is not within the province or purpose of this court to retry the facts in any case on appeal. It is because we wish these principles could be better and more definitely understood than seems to be by many at the bar that we make this resume of them. And we extend the resume further to repeat, and particularly to give point to its application to the case here in hand, that, while we do not pretend or assume to retry any case here on the facts, we are none the less under duty to see to it, so far as lies within our discernment and understanding of each record, that when error is appropriately assigned, every verdict of conviction shall have substantial support in the record, and that, as measured by established legal standards, it shall not be contrary to the overwhelming weight of the evidence. This, although reluctantly, we must do in civil cases, and none the less should we be watchful in criminal prosecutions. And we add further that the watchfulness of the court in cases of extreme doubt upon the evidence is challenged, not only by what is in the record of the evidence, but in such cases by what has transpired according to the whole record; and this appeal presents exactly such a case.

The conviction here rests upon the testimony of a single prosecuting witness. His testimony is unreasonable in some respects and obviously false in others. The substantial import of all the other testimony is either to disprove his statements or else to discredit them. And this brings into view the facts shown by the record other than the evidence on the merits. The case was in a county court where the majority of the practicing attorneys, including the attorney for appellant, resided in a town other than the county site. The attorney for ap-

pellant had been in attendance for seven and one-half days, awaiting a trial in this case, without success; this being the only case he had at that term. At noon on the eighth day, the wife of appellant being sick, there was an understanding apparently shared in by all that the appellant could go home, as it did not appear that the case could be reached until the following day, whereupon the appellant, his attorney, and his witnesses departed. That very afternoon, however, the case was called, and the sheriff reached appellant by telephone, and informed him that the case was ready and that he must come at once. Appellant hastened to the court and there informed the court of his understanding and of that of his attorney, in consequence of which his attorney and some of his witnesses were absent, and that he could not go to trial. The county judge and the county prosecuting attorney disavowed, so far as they were concerned, any such understanding as above mentioned; the appellant was put promptly to trial, and, without the aid of his attorney, he was compelled to conduct his own defense as best he could. Of course, having no knowledge of the practical technicalities of a trial, he knew but little when to object or how to reserve an exception. The county attorney proceeded with the examination of the prosecuting witness, to whom we have already referred, and the course of the examination was such that a substantial portion of the facts material to the incriminatory proof was brought out by leading questions, and by questions assuming material facts as if already proved, and thus he made out of this witness enough proof to go to the jury.

We do not address ourselves to any error of the court in putting the case to trial, and do not decide that there was or was not any error in this respect. But we do say that, with an obviously weak case, it is enough to arouse our strict attention, to say no more, to the very obstrusive

fact that, as soon as appellant had gone, and his witnesses had separated, and his attorney was beyond reach, the case was put on trial, when the attorney had been there seven and one-half days and no trial during all that time could be had. The testimony of the prosecuting witness, and of those who testified to the various movements and conversations of that witness, bear the earmarks of what is commonly called a "frame-up" on the part of that witness, and the circumstances of the whole trial, however unwittingly it may have been as to other than the witnesses do not in the least tend to relieve the record of that aspect. We are therefore not content to let the verdict and judgment stand.

*Reversed and remanded.*