WILLIAMS YELLOW PINE CO. *v.* HENLEY.

(Division B.   Jan. 6, 1930.)

[125 So. 552.   No. 28254.]

894

J. C. Shivers and Jno. C. Street, both of Poplarville, and W. J. Gex, of Bay St. Louis, for appellant.

Hathorn & Williams, of Poplarville, for appellee.

Argued orally by **John C. Street**, for appellant, and by **E. B. Williams**, for appellees.

**Griffith, J.**, delivered the opinion of the court.

Alleging that appellant had negligently constructed, in a dangerous manner, a logging railroad across an important state highway, and that in consequence thereof appellee, while traveling as a passenger in an automobile, was seriously injured at said crossing, appellee sued appellant and recovered judgment. Appellant assigns as his main point of error that the verdict is contrary to the overwhelming weight of the evidence.

The allegations of appellee, in respect to the negligent and dangerous manner in which said railroad was constructed in and across said highway, were sustained in every essential detail by an employee of the state high-

way department. The particular employment and daily business of this employee at the time of the injury was that of the care and maintenance of this highway, and hence it would reasonably be supposed that he would have particular and dependable knowledge in this matter. This witness was corroborated substantially by four other witnesses, and none of these witnesses are in any way impeached. The rulings of the trial judge on the various objections, touching offered evidence, disclose a discrimination and caution in that respect highly creditable in comparison with the average record in such cases. These rulings were in general all that appellant could reasonably have asked, and the only one complained of was not substantially erroneous. It is not a case, therefore, in which the force of the verdict is weakened by reason of unguarded rulings by the trial court—rulings by which, under one guise or another, matters wrongfully prejudicial and in contravention of the true spirit and purpose of the rules of evidence were admitted, as is too often the case, only by the letter and barely within the letter of those rules.

But the defense made was a strong one and is impressive, not only in the greater number of witnesses produced, but in the high and indisputably reliable character of those witnesses. Upon these grounds appellant vigorously and feelingly complains of the verdict and urges that no less than plain justice requires a reversal of that verdict at our hands.

It is apparent from the earnestness with which the subject is so often pressed upon this court, that a strong conviction yet exists among many of the bar that this court of appeals ought to undertake the review of every verdict which may appear to the court as one different from what the members of the court would have returned had they been on the jury. It seems to be sometimes supposed that the rule that we will not reverse a verdict,

when it has reasonable and unimpeached support in the testimony, is a mere rule of adjudication promulgated and maintained by the court as one simply of practical consideration and which we have the power to vary or pretermit in a given case. While upon considerations of practical policy and sound procedure the rule may be well justified for the reasons stated in Brown v. State, 153 Miss. 737, 121 So. 297, and for the further reason that we have here only the typewritten record and have none of the manifest advantages incident to an observation of the several witnesses and their demeanor on the stand, yet the aforementioned considerations are not the final foundation upon which the rule stands, and immovably so, in consequence of which we could not vary or pretermit the rule, even if we would. The persistency of the conviction above mentioned and its evident sincerity would seem to make it needful that, in this matter, we should take occasion to recur, by way of a brief review, to original and fundamental principles.

The right of trial by jury in common-law cases is a right granted and guaranteed by the Constitution. It cannot be denied directly, and for that reason cannot be denied indirectly. And neither can it be denied in part, for if so it could with equal authority be denied in toto; and to say that it cannot be denied in part is the same as to say that it cannot be abridged. If this court should assume to consider that the verdict of a jury in a common-law case is no more than advisory to the trial court or to this court, and is to be approved or set aside according to whether it corresponds with what the court would have found on the facts, then there would be an abridgment of the constitutional right of trial by jury.; the form of the jury trial would be preserved, but its substance would be gone. Such an assumption on the part of the court would be usurpation, and contrary to the oath of office which every judge in this state must

take and which binds him in every official thought and action during his tenure. When the people get tired of jury trials and shall want a change made, they must make it by an amendment to the Constitution. Courts in the meantime are bound to the preservation of this as well as of every other constitutional right, as the Constitution is written—not to make or unmake any of those rights by judicial assumption.

In our first state Constitution, article 1, section 28, Constitution 1817, it was ordained that, "The right of trial by jury shall remain inviolate." Under this Constitution, in Taylor v. Sorsby, Walk. (1 Miss.) 97, it was said: "The important right of trial by jury, should not be disturbed, unless upon the most unequivocal evidences of injustice to the party who complains; otherwise, the rights of the jury would be literally transferred to the courts, and they would instead of the jury, become the triers of facts, in contravention of one of the leading features clearly expressed in our political association." That was the rule announced by the supreme court in 1821, and was thereafter consistently adhered to, in the knowledge of which the Constitution of 1832, article 1, section 28, carried the section forward and retained it in its identical language. Under that Constitution the principle was at once reaffirmed in Dickson v. Parker, 3 How. 219, 34 Am. Dec. 78, wherein it was said: "To the jury exclusively, pertained the province to compare and weigh the testimony, and pronounce the result. . . . It is not our business to weigh the testimony. It is sufficient that we see, upon the record, proof which legally conduced to the verdict which was rendered." And by a long line of decisions the rule was followed without variance down to the Constitution of 1869, when again the same section in identical language, article 1, section 12, Constitution 1869, was readopted, and was invariably followed by the same rule of deci-

sion down to the great Constitution of 1890, when the section was again brought forward in its identical original language, section 31, Constitution 1890. Thus the framers of our last Constitution, as well as those of 1832 and 1869, knew exactly what the section meant. It did not come into our present Constitution by any stealth nor retain its original language by any misunderstanding; and so it is, as already said, that we could not now vary or pretermit the rule, even if we would.

The only power of review that the courts have in respect of the verdicts of juries upon findings of fact is that set forth in Byrd v. State, 154 Miss. 742, 123 So. 867, see, also, Brown v. State, 153 Miss. 737, 121 So. 297; Mobile & O. R. Co. v. Cox, 153 Miss. 597, 121 So. 292, which is that the trial court may set aside or this court may reverse in one of only the three following cases:

(1) Where the verdict is without the support of any competent evidence:

(2) Where the verdict is without the support of any reasonably believable proof; and

(3) Where the verdict is against the overwhelming weight of the evidence.

The constitutional power of the court to act in the three instances stated comes out of a view of the Constitution as a whole, looking to its nature and to all its parts and provisions from which it follows that the property or liberty of no man may be taken without legal facts upon which so to do, and thus the power in the first instance above stated. And we find further in the Constitution and in its nature, that the jury contemplated by it is an impartial jury, and here arises the power of the court in the two instances last stated. But partiality on the part of a jury is not to be assumed; nor is it to be adjudged except for strong reasons fairly manifest upon the record. Every juror must take an oath that he is free of any bias or prejudice in the case, and that

there is nothing in his mind which would prevent him from returning a fair and impartial verdict under the facts as heard from the witnesses. A violation of that oath and of the high duty which it imposes is a vicious wrong and a fraud of the most reprehensible character. And it is a universal principle of legal adjudication that fraud must be made manifest; that is to say, it must appear in such a convincing way as to be fairly inescapable upon the record as presented. Thus there appears the logic of, the reason for, the statement of the rule and of the limitations of it in the second and third instances above set forth.

Touching the assignment that the fifth instruction granted for the plaintiff was erroneous in that the court assumed that the plaintiff was injured, it is only necessary to say that the fact that plaintiff was injured is not controverted in the evidence; and it is not improper in an instruction to assume a fact which is proved in the evidence and there is no contradiction in the evidence of that fact. Lamar v. Williams, 39 Miss. 342; Heirn v. McCaughan, 32 Miss. 17, 66 Am. Dec. 588; Carberry v. Worrell, to Use of Burns, 68 Miss. 573, 9 So. 290; Ry. Co. v. Phillips, 70 Miss. 14, 11 So. 602. It is true that the extent of the injuries was sharply controverted, but so far as we can find from the record the fact that plaintiff was injured to some extent was not disputed by any witness.

Upon the point that the verdict is excessive, we can add nothing to what was said in Mississippi Cent. R. Co. v. Caruth, 51 Miss. at page 79, and in Hill's case, 79 Miss. 587, 31 So. 198.

Affirmed.