167 So. 350

### NATIONAL LIFE & ACCIDENT INS. CO. v. NORRIS.

### 6 Div. 879.

Court of Appeals of Alabama.

April 7, 1936.

Wm. A. Jacobs, of Birmingham, for appellant.

Mullins & Deramus, of Birmingham, for appellee.

RICE, Judge.

The policy, the basis of this suit, contained the following condition: "No obligation is assumed by the company * * * if the insured * * * is not in sound health on the date hereof; or if before the date hereof the insured * * * has had any pulmonary disease."

The policy was dated and issued on September 4, 1933, covering the life of Jessie Lee Ardis, who died of "Galloping (Fulminating) Pulmonary Tuberculosis," with "Tubercular Pneumonia" as a contributing cause, on October 19, 1933.

The only assignment of error presented here is that based upon the action of the trial court in overruling appellant's motion to set aside the verdict of the jury—the argument being that it was opposed to the overwhelming weight of the evidence.

On the question raised, we deem it well to quote and *approve* the following excerpt from the oral charge given by the learned trial judge to the jury trying the case, to wit:

"Now, the defendant pleads tender in the case. That is to say, it says that it has tendered the plaintiff; that is, the beneficiary of the policy, plaintiff in the case, the amount which it claims it owes him; that is, the return of the premiums paid under clause 2 of the policy and that that is all that it is liable for. It says, and claims that it is entitled to a verdict on that plea of tender; and, if you are reasonably satisfied that the insured had tuberculosis on September 4, 1933, the defendant would be entitled to a verdict on its plea of tender. If you are not reasonably satisfied, then the plaintiff would be entitled to a verdict.

"Now, that is, as I say, the sole issue in the case for you, gentlemen, to decide. That is the only thing in the world for you to pass upon, the only thing that consti-

tutes any controversy between these parties.

"Tuberculosis is a disease which the law says makes a person in unsound health. It is not for you to pass upon the effect of tuberculosis. It is not for you to go into that at all. The court has passed upon that already. The Supreme Court has, and says if you have tuberculosis that you are not then in sound health; *and if the insured had tuberculosis at the time of the issuance of this policy, he wasn't in sound health and plaintiff is not entitled to recover and the defendant would be entitled to recover on its plea of tender;* but it is for you to say, under all the evidence in the case, whether or not the insured did have tuberculosis. That is a matter for you to pass upon. You have heard the testimony in the case. It is a question of fact, and it is not a matter for you to determine beyond any—all doubt. On the other hand, it is something that you can't speculate as to. It is merely—*the law requires that you be reasonably satisfied that the insured had tuberculosis. If you are not so reasonably satisfied, then the plaintiff is entitled to a verdict at your hands. If you are so reasonably satisfied, the defendant is entitled to a verdict on its plea of tender.*" (Italics ours.)

From what is above quoted, the jury *could not* have misunderstood their province nor duty.

We do not at all agree to appellant's "proposition of law" No. 9, viz., that "the court judicially knows that ordinarily in insurance cases juries are not impartial nor unbiased"; nor to its like proposition No. 10, that "the court judicially knows that in insurance cases the jury will ordinarily bring in a verdict for the plaintiff against the insurance company even though a preponderance of the evidence is in favor of a verdict for the insurance company"; nor to its similar proposition Nos. 11 and 12—all of which propositions, from 9 through 12, would commit us to the judicial holding that *all* juries trying cases where insurance companies are parties will deliberately perjure themselves. And that hence the jury trying this case did so.

The decisions of our Supreme Court cited as authority for the above astounding propositions do not in any manner support same. A discussion of them would be superfluous.

■ ■ It is, rather, the law that "it will * * * be presumed that a jury obeyed the instructions of the court." 2 R.C.L. p. 222; Molloy v. Mitchell, 223 Ala. 666, 137 So. 896.

■ Passion and prejudice will *not* be presumed to have influenced the minds of the jurors. 4 C.J. p. 174; Williams Yellow Pine Co. v. Henley, 155 Miss. 893, 125 So. 552, 554. As the Mississippi Supreme Court said in this Yellow Pine Company Case: "A violation of that oath [the juror's oath—we interpolate] and of the high duty which it imposes is a vicious wrong and a fraud of the most reprehensible character. And it is a universal principle of legal adjudication that fraud must be made manifest.". In other words, it can *never* be presumed.

There seems no need to prolong our remarks. Appellant does not even *contend* that there was *no* evidence tending to support the jury's verdict.

■ Admittedly, the burden was upon appellant to show a violation of the "condition" we have quoted hereinabove. National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466; First Nat. Life Ins. Co. of America v. Rector, 225 Ala. 116, 142 So. 392.

■ The jury was properly instructed. And, after a careful study of the evidence, we cannot see that we would be warranted, under the well-known rule that prevails, in saying that the learned trial judge was in error in refusing to disturb their verdict. See Southern Life & Health Ins. Co. v. Morgan, 216 Ala. 529, 113 So. 540.

The judgment is affirmed.

Affirmed.