This appeal arises from the Circuit Court of Lauderdale County wherein the plaintiff obtained a $1500 verdict against John Morrell Company. The declaration alleged that the plaintiff became ill as the consequence of eating a can of potted meat which was the product of John Morrell, Inc. and which was sold by Winn-Dixie-Montgomery, Inc., a retail store in the city of Meridian. At the conclusion of the testimony Winn-Dixie-Montgomery, Inc. obtained a peremptory instruction and the cause was submitted to the jury as to the liability of John Morrell Company. From this judgment John Morrell, Inc. appeals to this Court assigning as error, among other things, that the lower court erred in overruling the motion of appellant for a directed verdict at the conclusion of plaintiff's testimony.
On August 27, 1965, the plaintiff's husband purchased ten cans of potted meat from Winn-Dixie-Montgomery, Inc., a retail grocer. That evening the plaintiff opened one of the cans of potted meat and ate the entire contents along with some crackers. Approximately one hour later she experienced severe stomach cramps and nausea followed by vomiting. The sickness continued throughout the night and the following day she was admitted to the hospital *Page 907 
and treated by Dr. William J. Anderson, III. This doctor diagnosed her condition as acute gastroenteritis. Mrs. Shultz remained in the hospital six days and was off from work for a total of two weeks.
In support of her claim Mrs. Shultz testified that on opening the can she noticed nothing unusual about the appearance, taste, or odor of the potted meat except that it had a "gray cast" on the surface and a strong "potted meat" smell. She further testified that this "gray cast" was not mold or anything of that nature, but that it "looked like that it was congealed like, looked like the print of the can was on top, when I dumped it out on the bread and butter plate." She also noticed prior to eating the potted meat that the can had been dented, but she did not consider the dent serious enough to affect the contents of the can and she did not consider the potted meat to be deleterious. In fact, she consumed the entire contents of the can without considering the same to be unusual by sight, smell, or taste.
Dr. Anderson testified that he diagnosed Mrs. Shultz's illness as acute gastroenteritis; that from the history the patient gave him it was his opinion that there was something defective in the potted meat that caused this reaction. On cross-examination, however, the doctor stated that his opinion was based strictly on the history related to him by his patient and that her illness could just as easily have resulted from other foods which she had eaten. He testified further that it was possible that gastroenteritis could be caused by viral infections and that gastroenteritis is not unusual inasmuch as he treated four or five patients a month for this illness.
Neither the can from which the potted meat came nor the product itself was examined by the plaintiff or the doctor so that the entire case of the plaintiff rests upon Mrs. Shultz's testimony as to what she thought caused her illness and the doctor's opinion formed from the history of the illness related to him. From these facts we conclude that the court erred in not sustaining the defendant's motion for a directed verdict.
It is well settled in this jurisdiction that a verdict may not be based upon surmise or conjecture and that to prove a possibility only is insufficient to make a jury issue. The scintilla rule of evidence is not recognized within this state. See Berry v. Brunt, 252 Miss. 194, 172 So.2d 398 (1965), and the numerous cases therein cited to the same effect.
In reviewing the evidence in its best light for the plaintiff the proof amounts to no more than a scintilla that the plaintiff's illness was caused by the potted meat and is insufficient, therefore, to support the verdict of the jury. The cause is reversed and rendered.
Reversed and rendered.
ETHRIDGE, C.J., and JONES, INZER, and ROBERTSON, JJ., concur.