BRADY, Justice:
This is an appeal by W. H. Dorroh from the Circuit Court of Noxubee County, Mississippi, wherein he was denied relief against several defendants, the appellees herein, for alleged injuries arising out of a four car collision.
On August 13, 1964, W. H. Dorroh, appellant, was driving a 1952 Ford pickup truck within the city limits of Macon, Mississippi, in a southerly direction on Highway 45. As he crested a hill or rise, he approached and then passed a funeral home on the right side of the road; he thereupon stopped the truck and inquired whether Mrs. B. H. McGee and her husband, who were riding with him and who owned the truck, wanted to stop there and pay a burial insurance bill. The extent to which appellant pulled over to the side of the road is in dispute. There are no shoulders on the road at said place, but rather a concrete curb that runs parallel to and immediately adjacent to the east and west boundaries of the highway. Furthermore, at said place Highway 45 is a two-lane highway, one lane serving northbound traffic and another lane serving southbound traffic.
To the rear of appellant’s vehicle was an automobile being driven by Stephania Johnson and belonging to Wayne Anderson and Paul Daniel, d/b/a Southland Motor Company; and to the rear of this.automobile was an automobile being driven by *122 Warren Robbins. On the other side of the hill was an automobile being operated by-David Cotten. All of said automobiles were traveling in a southerly direction. Shortly or immediately after the appellant had brought his vehicle to a halt, both Johnson and Robbins brought their vehicles to a halt. Almost simultaneously the car which David Cotten was driving came over the hill. David Cotten noticed the congestion ahead and saw that the Robbins car was stopping and he immediately applied his brakes. However, Cotten’s vehicle struck the rear of the Robbins vehicle. Mr. Robbins’ car was thereupon thrust forward and struck the rear of the Johnson vehicle; the Johnson vehicle was likewise thrust forward and struck the rear of the appellant’s pickup. The vehicle which appellant was operating suffered very little damage, and appellant drove said vehicle away from the accident and went to the doctor’s office.
There was conflicting testimony as to whether David Cotten was exceeding the speed limit and whether the Johnson car was steered to the right and thus into appellant’s parked vehicle. There was also conflict as to the amount of traffic at the time in the northbound or east lane, but it is abundantly clear that it was considerable. Additionally, there was conflicting testimony as to whether the collision thrust appellant’s vehicle upon the curb, or whether immediately after the collision appellant started his vehicle and moved it to his right so that the right front and right rear wheels were upon the curb. It is not disputed, however, that appellant told Mrs. B. H. McGee when police officer Sansing arrived to investigate the accident, “Now, you keep your mouth shut, if you don’t you will catch yourself tied up in a law suit.”
Appellant initiated suit against all the aforesaid parties and also against Mrs. Myrtle McDavid Cotten, as Executrix of the Estate of Andrew W. Cotten, Deceased, for alleged injuries suffered as a result of the collision. At the conclusion of the evidence, the trial judge granted a directed verdict in favor of Mrs. Myrtle McDavid Cotten, Executrix, and also in favor of Warren Robbins. The case went to the jury as to the remaining appellees, and the jury returned a verdict in their favor.
Appellant assigns as error the granting of directed verdicts in favor of appellees Mrs. Myrtle McDavid Cotten, Executrix, and Warren Robbins. Appellant further urges that the verdicts of the jury in favor of the remaining appellees are contrary to the overwhelming weight of the law and evidence, and the court erred in overruling his motion for a new trial. Finally, appellant contends that the court erred in granting each and every instruction granted the appellees and in refusing each and every instruction refused the appellant.
A review of the evidence and applicable law reveals that the trial court was justified in directing verdicts for Mrs. Myrtle McDavid Cotten, Executrix of the Estate of Andrew W. Cotten, Deceased, and for Warren Robbins. Appellant wholly failed to prove any negligence on the part of Mrs. Myrtle McDavid Cotten, Executrix. In regard to Warren Robbins, appellant proved at most only that David Cotten was uncertain as to whether or not Robbins gave a signal. This is not sufficient under the standard of Morrel & Company v. Schultz, 208 So.2d 906 (Miss. 1968), in which this Court stated:
It is well settled in this jurisdiction that a verdict may not be based upon surmise or conjecture and that to prove a possibility only is insufficient to make a jury issue. The scintilla rule of evidence is not recognized within this state. (208 So.2d at 907.)
We further find that it was a jury question whether David Cotten and Ste-phania Johnson were guilty of any negligence contributing to appellant’s injuries. This verdict inures to the benefit of the *123 owners of the vehicles and we, thus, find no reversible error in the verdicts in favor of Mrs. Myrtle McDavid Cotten, as Executrix of the Estate of Andrew W. Cotten, Deceased, and also in favor of Wayne Anderson and Paul Daniel, d/b./a Southland Motor Company. Williams Yellow Pine Co. v. Henley, 155 Miss. 893, 125 So. 552 (1930).
We need not consider whether the trial court committed reversible error in granting any of the instructions granted appellees or in refusing any of the instructions refused the appellant, because appellant failed to point out in his assignment of errors the specific grounds upon which his objections were based. Boring v. State, 253 So.2d 251 (Miss.1971). Rule 6 of the Mississippi Supreme Court Rules (1967) states that:
(a) ... . The assignment of errors shall set out separately and particularly each error asserted and intend to be urged ....
(b) No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.
Nevertheless, we have examined all the- instructions and, when read and considered as a whole, we find that they contain no reversible error. The verdicts of the jury are certainly not against the overwhelming weight of the evidence but are substantiated by it.
For the foregoing reasons the judgment of the Circuit Court of Noxubee County is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, IN-ZER and SUGG, JJ„ concur.