KITCHENS, Justice,
concurring in result only:
¶ 21. To prevail on a product liability claim, the plaintiff must provide sufficient evidence of product identification, exposure, and proximate cause. Monsanto Co. v. Hall, 912 So.2d 134, 136 (Miss.2005) (citing Miss.Code Ann. § 11-1-63 (Rev. 2002)). The plurality opinion reverses the verdict for the plaintiff and renders judgment in favor of the defendant, finding the evidence of exposure and proximate cause to have been speculative and unreliable. Respectfully, I cannot join that analysis. While I agree that a judgment in favor of the defendant is warranted, it is because of the failure of the plaintiffs proof of product identification.
*48 ¶ 22. Sherwin-Williams presented substantial evidence that it had stopped manufacturing residential lead-based paint in 1972, but the plaintiff produced three witnesses who testified that lead-based Sher-win-Williams paint was used in the house between 1978 and 1994.
¶ 28. Doris Gaines, the plaintiffs grandmother, testified that she had painted the home several times between 1979 and 1994, and that she always had asked the store for Sherwin-Williams “lead” paint. The grandmother acknowledged that she never had read the paint labels, but merely assumed that the paint contained lead because she had asked for lead paint.
¶24. Vernon Collier was a long-time friend of the grandmother’s who would help her with various construction and painting projects in her house. Collier testified that he had helped Ms. Gaines paint the outside of the house in 1979 with Sherwin-Williams paint. Collier stated that he believed the paint contained lead because it covered the painted surface in one coat, but he did not read the labels. Moreover, in an earlier deposition, Collier stated that he and Doris did not use Sher-win-Williams paint in the latter part of the 1970s because “[Doris] wasn’t into Sher-win-Williams at that time.”
¶ 25. Johnny Crawford, the plaintiffs step-grandfather, purchased the house in 1978. Crawford testified that he had bought and used Sherwin-Williams lead paint in the late 1970s and recalled seeing the words “lead paint” on the labels. This testimony was directly contradicted by a prior affidavit wherein he swore that he had no knowledge whether the paint used on the house contained lead or what brand of paint was used.
¶ 26. The plaintiffs produced one witness who testified about the paint used on the house before 1978. Reverend Martin Lias’s deposition was read to the jury, and he testified that he had witnessed the painting of the back porch with white Sherwin-Williams lead paint in the 1930s. However, the grandmother, Ms. Gaines, testified that the back porch had been removed before the plaintiff was born, rendering Reverend Lias’s testimony irrelevant in the present case.
¶ 27. Thus, the testimony by the plaintiffs witnesses was insufficient to support a verdict against the Sherwin-Williams Company. Collier’s and Crawford’s testimony was directly and materially contradicted by their prior sworn statements; thus, that testimony was substantially impeached. Jakup v. Lewis Grocer Co., 190 Miss. 444, 200 So. 597, 599 (Miss.1941). Ms. Gaines merely assumed that the paint contained lead because she had requested lead paint, but “[i]t is well settled in this jurisdiction that a verdict may not be based upon surmise or conjecture and that to prove a possibility only is insufficient to make a jury issue.” John Morrell & Co. v. Shultz, 208 So.2d 906, 907 (Miss.1968).[23] Therefore, the verdict cannot stand, and I respectfully concur in result only.
CHANDLER AND KING, JJ„ JOIN THIS OPINION. RANDOLPH, J., JOINS THIS OPINION IN PART.

. The plurality holds that fact testimony, no matter how thoroughly contradicted or impeached, creates an issue for the jury, so long as it is not supernatural,” relying on Doe v. Stegall, 757 So.2d 201, 205 (Miss.2000). Plur. Op. ¶ 18. However, Stegall involved excluding fact witnesses at the summary judgment stage. Id. ( While it is true that this Court has held that there are instances in which judges are allowed to disregard or instruct against incredible and unreliable testimony at trial, this Court has never held similarly at the summary judgment stage in a proceeding.”)