ALABAMA GREAT SOUTHERN RAILROAD COMPANY *v.*
BROACH, et al.

No. 41451 April 11, 1960 119 So. 2d 923

*O. Winston Cameron,* Meridian, for appellant.

*Morse & Morse,* Poplarville; *Williamson & Smith,* Meridian, for appellees.

ETHRIDGE, J.

This is a suit brought by appellees, doing business as United Salvage Company, against appellant railroad for damages to plaintiffs' property, allegedly resulting from a fill placed by defendant upon its land and the edge of plaintiffs' lot, which caused the discharge upon plaintiffs' tract of excess surface waters. The Circuit Court of Lauderdale County gave plaintiffs a general peremptory instruction on liability and submitted the issue of damages, with a resulting verdict of $10,000 for appellees. We reverse that judgment because the trial court erroneously granted the peremptory instruction on liability *in toto,* rather than in part, and because of an erroneous instruction granted plaintiffs on damages.

Appellees own a block of land in the City of Meridian which lies generally south of the railroad's property, which next to the north boundary of appellees' block is relatively low and approximately the same elevation as the north area of appellees' tract. However, a number of feet north of plaintiffs' lot the railroad tract has for many years been filled and raised. A railroad track was

formerly upon it. Appellees' lot has a fence around it, which on the north side is set back from the property line from one to five feet, increasing from east to west. The railroad had dirt and debris hauled from an excavation some distance away to fill the low, south part of its land adjacent to the north line of appellees' lot. Its agents, mistakenly thinking that plaintiff's fence was on their property line, placed the dirt for the fill up to the north fence line of plaintiff's tract. The existence of this encroachment on the north edge of plaintiffs' property by the fill north of the fence was undisputed.

On the other hand, there was considerable dispute in the evidence as to whether the fill erected by the railroad on its own and plaintiffs' property changed or increased in a material way the flowage of surface waters upon the large fenced part of plaintiffs' lot, and whether plaintiffs had previously dug an east-west drainage ditch on the north line of its property which was covered by the fill.

 In this posture of the case, the circuit court gave plaintiffs a peremptory instruction on defendant's liability *in toto,* and submitted only the issue of damages. This was error. The suit was for the railroad's acts of raising the grade of its land and thereby increasing the flow of surface waters onto plaintiffs' property. Plaintiffs were entitled to a peremptory instruction on liability of defendant as to its placing the fill on their land north of the fence, and for that invasion of their property. The jury could then determine the amount of damages resulting from that act.

 On the issue of whether the railroad fill materially changed the natural flow of surface waters with reference to plaintiffs' block and resulted in periodic flooding of parts of the fenced portion of it, there was a substantial conflict in the evidence, which presented a typical question for the jury. The general peremptory instruction granted appellees on liability erroneously took from the jury that issue of fact. Appellees were

entitled to a peremptory instruction only on liability as to the invasion of its land north of the fence, upon which the railroad placed its fill, but not as to whether the railroad's fill changed the flow of surface waters upon their tract south of the fence. ■■ ■ In short, if one of the two issues offered is established without dispute, but the other is not sufficiently establishd within the rules warranting a directed verdict, a peremptory instruction of liability on the whole case may not be directed in favor of the plaintiffs. 88 C. J. S., Trial, Sec. 257 (i), pp. 672-673. 1 Alexander, Miss. Jury Instructions (1953), Sec. 75; cf. Kramer Service, Inc. v. Wilkins, 184 Miss. 483, 496, 186 So. 625 (1939).

■■■ Appellees were granted an instruction, the only one on damages, which told the jury that they were not required to prove their damages with mathematical exactness, "but it is for the jury to take into consideration all of the testimony introduced in evidence under the supervision of this court touching the extent, kind and character of the injuries and damages sustained, if any, by the plaintiffs, that is with reference to their property and property rights, and from such evidence fix the amount of such damages, if any, to be included in your verdict, according to the best judgment of the jury which should be based upon and controlled by a preponderance of the evidence."

This instruction failed to furnish the jury with any guide pertaining to the well established rules on measurement of damages in surface water cases. 56 Am. Jur., Waters, Sec. 87; Newton Coca Cola Bottling Company v. Murphrey, 212 Miss. 823, 55 So. 2d 485 (1951); 93 C. J. S., Waters, Sec. 127 (h), pp. 833-834; see also Southland Co. v. Aaron, 221 Miss. 59, 72 So. 2d 161, 49 A. L. R. 2d 243 (1954); City of Oxford v. Spears, 228 Miss. 433, 87 So. 2d 914 (1956). As was said in Meridian City Lines v. Baker, 206 Miss. 58, 83, 39 So. 2d 541 (1949), "by this instruction the jury was left to grope in the darkness, without any light to guide them . . ." It does not furnish

the jury with a proper basis for extent of damages, or any criterion, guide, rule, method or standard. The "blue sky" is the limit insofar as this instruction is concerned. 15 Am. Jur., Damages, Secs. 369, 370; 25 C. J. S., Damages, Sec. 178; Yazoo & Mississippi Valley Railroad Co. v. Christmas, 89 Miss. 686, 697-698, 42 So. 169 (1906); Sears-Roebuck & Co. v. Creekmore, 199 Miss. 48, 63-64, 23 So. 2d 250 (1945). This issue is not affected by such cases as Gulf & Ship Island Railroad Co. v. Simmons, 153 Miss. 327, 121 So. 144 (1949), where there was no instruction in the record on the measure of damages. See also J. C. Penney Co. v. Evans, 172 Miss. 900, 160 So. 779 (1935); National Surety Corp. v. Vandevender, 108 So. 2d 860, 863 (Miss. 1959). Defendant's instruction on plaintiffs' duty to mitigate their damages does not cure the unconfined generalities of the quoted instruction.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.