MISSISSIPPI STATE HIGHWAY COMMISSION *v.* ENGELL

No. 43332 February 15, 1965 171 So. 2d 860

*Dunn & Singley,* Meridian; *Martin R. McLendon,* Asst. Atty. Gen., Jackson, for appellant.

*Williamson, Pigford & Hendricks*, Meridian, for appellee.

INZER, J.

This suit was brought by appellee, P. F. Engell, in the Circuit Court of Lauderdale County, against Mississippi State Highway Commission and Cobb Brothers Construction Company. Appellee sought to recover for damage to his property alleged to have resulted by virtue of the fact that appellant, Mississippi State Highway Commission, had acquired for public use two tracts of land adjacent to his property and in the use thereof his property had been damaged. Appellee alleged that appellant acquired the land for the purpose of removing therefrom sand and clay to be used as topping material for a highway then under construction, and that Cobb

Brothers Construction Company contracted with appellant to remove the sand and clay; that as a direct and proximate result of this acquisition for public use his property had been damaged. Appellee based his right to recover for such damage on section 17 of article 3 of the Constitution of 1890.

The appellant and Cobb Brothers Construction Company answered and denied that they were liable for the alleged damage to appellee's property. The cause proceeded to trial before a jury, and at the conclusion of appellee's case the trial court sustained a motion on behalf of Cobb Brothers Construction Company for a peremptory instruction. There was no appeal from this decision, and Cobb Brothers Construction Company is no longer a party to this litigation. The trial court overruled a similar motion on behalf of the appellant, and submitted the issues to the jury.

The jury returned a verdict in favor of appellee, and assessed his damages at $8,000. A judgment was entered accordingly. From this judgment, Mississippi State Highway Commission has appealed to this Court.

There is very little dispute about the material facts in this case. The proof shows that appellee is the owner of 160 acres of land located in Sections 18 and 19 of Township 7 North, Range 7 East of the lands of Lauderdale County. Upon this land is his home, where he has lived for many years. Prior to 1958 he had constructed two lakes upon his property. One lake covers an area of about six acres and the other an area of about fourteen acres. He also had three minnow ponds located near his lakes. The lakes were well stocked with fish, he kept them fertilized and the banks clean, and had built a road to the lakes and partly around them, and had built a bridge across one of the lakes. Appellee derived income from his lakes by allowing the public to fish therein for a fee and had established a good business. He also grew minnows for sale to his fishing

customers and to other people, and derived income from this activity. These lakes were fed by flowing springs and remained clear at all times. The balance of his land was used to grow timber. The use being made of the land by appellee was the highest and best use to which the land was susceptible.

Appellee's land is bounded on the north in part by a sand and clay road known as the Engell Road. This road is maintained by the county and is a narrow dirt road. On the north side of the road the land is owned by Banes. On the east side of appellee's property there is another road known as the Tipton-Russell Road, which at the time of this controversy was a gravel road maintained by the county. The land on the east side of this road is owned by Nichols.

In 1958 appellant acquired the right to remove from three acres of the Banes land sand and clay to be used as topping material for a highway being constructed by appellant. Later appellant acquired the right to use ten-and-a-half acres of the Nichols land for the same purpose.

The proof in this case shows that prior to the time appellant acquired this property the water falling thereon percolated into the soil and very little ever ran off the land. Although the Banes and Nichols property was of a much higher elevation than appellee's lakes, there was no erosion that damaged his property.

After appellant acquired the Banes' land, they had the three acres cleared, removed the top soil and piled it and other materials that were on the land in a large pile near the Engell road. After this work was done, appellant left the land in this condition about a year before removing the sand and clay. The water falling on the land no longer percolated into the soil, but ran off the land at an accelerated speed and carried with it sand, dirt, mud, clay and debris down onto the property of appellee.

Appellant used the same method relative to the ten acres it acquired from Nichols, except that it cleared and removed the surface only about two months before appellant began to remove the topping material. The proof shows that after this property was cleared the water ran off of it in a much larger volume and at a greater rate of speed than it had theretofore done, and carried with it sand, clay, mud and debris down onto the property of appellee. This continued throughout the time that appellant was using the property.

The proof in this case shows that this sand, clay, dirt, mud and debris washed down onto appellee's property and into the small lake and the minnow ponds. The lake was partly filled with this material, and it became so muddy that the fish in the lake died. The minnow ponds were damaged to the extent they were no longer useful. The water in the large lake became muddy, and some of the fish in it died. Public fishing in the lakes ceased. At the time of the trial of this case the small lake was muddy, and the proof showed that it had been since appellant began its activities. The large lake was not as muddy, but it has not been as clear as it was prior to the work being done.

Appellant does not dispute that appellee's property has been damaged, but contends that under the law it is not liable for any damages that appellee may have suffered. Appellant also contends that part of the damage resulted from the activity of Lauderdale County in rebuilding the Tipton-Russell Road. This work was done at the same time appellant was removing the topping material. The engineer employed by appellant, who was in charge of this operation, testified that in his opinion the sand, clay, mud, dirt and debris that washed off of the property being used by appellant went down onto the property of appellee and into his lakes. There can be no question from the evidence in this case of the fact that appellee's property was dam-

aged by the taking and using of the Banes and Nichols property for public use.

Regardless of this fact, appellant contends that it is not liable for the damage. Appellant contends that grade and rainfall were the real causes of the damage; that it had the right to acquire the property for public use, and that it employed the only method by which the topping material could be excavated and removed. It claimed that appellee's damage was the natural and inevitable result of the lawful right of appellant. Appellant relies upon the cases of Filtrol Corp. v. Hughes, 199 Miss. 10, 23 So. 2d 891 (1945), and American Sand and Gravel Co. v. Rushing, 183 Miss. 496, 184 So. 60 (1938). We have examined these cases in the light of the facts in this case, and are of the opinion that these cases are not controlling. The legal basis upon which appellee relies for recovery for his damage is section 17 of article 3 of the Constitution of 1890. This Court, speaking through Justice Wood, said in the case of Vicksburg v. Herman 72 Miss. 211 (1895), in regard to the effect of this section, that:

> To have inserted the words "or damaged" in the new constitution, to cover cases already perfectly provided for in the old constitution, would have been utterly meaningless. The citizen must now be held, under this new provision of our fundamental law, to be entitled to due compensation for, not the taking, only, of his property for public use, but for all damages to his property that may result from works for public use. He is now secured in his property, and his use and enjoyment of his property. The burdens formerly borne by the citizen, resulting from damage done his property by a diminution or destruction of his right to use and enjoy his own, were designed by this new constitutional rule to be placed upon those by whose action the diminution or destruction was wrought. 72 Miss. at 215.

We have further construed this section in numerous cases since that time, and the citation of all the cases would serve no useful purpose. Beaver Dam Drainage Dist. v. McClain, 241 Miss. 865, 133 So. 2d 615 (1961); State Highway Commission v. Mason, 192 Miss. 576, 40 So. 2d 345 (1941); Kwong v. Mississippi Levee Comm'rs., 164 Miss. 250, 144 So. 693 (1932); Thompson v. Winona, 96 Miss. 591, 51 So. 129 (1910); Richardson v. Mississippi Levee Comm'rs., 77 Miss. 518, 26 So. 963 (1899).

Appellee in no way takes issue with the right of appellant to acquire and use the land for the purpose for which it was used, but contends that his property was damaged as a direct and proximate result of a public use by appellant. With this contention we are in agreement. We do not find that grade and rainfall were the real culprits in this case. Grade and rainfall existed long before the acquisition and use by appellant, and no damage had resulted to appellee's property as a result thereof. Appellant does not contend that it did anything to try to prevent the sand, clay, dirt, mud and debris washing down upon appellee's property to his damage. We are convinced from the facts in this case that the jury was justified in finding that appellant was liable for the damage, and that finding is affirmed.

 █ There is only one assignment of error in this case in which we find any merit. Appellant assigns as error the granting to appellee the following instruction:

The Court instructs the jury that the plaintiff is not required to prove his damages, if any, to a mathematical certainty, or with exactness in dollars and cents; but it is for the jury to take into consideration all the testimony introduced in evidence under the supervision of this Court touching the extent, kind and character of the injuries and damages, if any, sustained by this plaintiff, that is, to the property or property rights of this plaintiff and from such tes-

timony fix the amount of damages, if any, according to the best judgment of the jury, which should be based upon and controlled by the preponderance of the evidence in this case.

This instruction was the only one to the jury on the measure of damages. The only other instruction that touched on damages was an instruction on behalf of the appellant that the jury could not hold appellant liable for any damage which may have resulted from the rebuilding of the road by Lauderdale County. This was a proper instruction, but it furnished no guide to the jury as to the measure of damage. We said in Alabama Great Southern R.R. v. Broach, 238 Miss. 618, 119 So. 2d 923 (1960), in regard to an identical instruction that:

This instruction failed to furnish the jury with any guide pertaining to the well established rules on measurement of damages in surface water cases. 56 Am. Jur., Waters, Sec. 87; Newton Coca-Cola Bottling Company v. Murphrey, 212 Miss. 823, 55 So. 2d 485 (1951); 93 C.J.S., Waters, Sec. 127(h), pp. 833-834; see also Southland Co. v. Aaron, 221 Miss. 59, 72 So. 2d 161, 49 A.L.R. 2d 243 (1954); City of Oxford v. Spears, 228 Miss. 433, 87 So. 2d 914 (1956). As was said in Meridian City Lines v. Baker, 206 Miss. 58, 83, 39 So. 2d 541 (1949), "by this instruction the jury was left to grope in the darkness without any light to guide them. . ." It does not furnish the jury with a proper basis for extent of damages, or any criterion, guide, rule, method or standard. The "blue sky" is the limit insofar as this instruction is concerned. 238 Miss. at 622-3.

This case was followed in Broadhead v. Gatlin, 243 Miss. 386, 137 So. 2d 909 (1962), in which a similar instruction was condemned. We are of the opinion that the granting of this instruction by the trial court was error and for this reason this case must be reversed for a new trial on the issue of damages.

For the reasons stated, the judgment is affirmed as to liability, and reversed on the question of damages, and remanded for a new trial on the issue of damages only.

Affirmed as to liability; reversed and remanded for a new trial on the issue of damages only.

*Lee, C. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.