INZER, Justice :
Appellees, Preston Thomas, Jr. and his wife, brought this suit in the Circuit Court of Lauderdale County against Mississippi State Highway Commission and Cobb Brothers Construction Company. They sought to recover for damage to their property alleged to have resulted from the activities of the appellant, Mississippi State Highway Commission, in reconstructing a public road. A non-suit was taken as to Cobb Brothers Construction Company and they are no longer involved in this litigation.
It was charged in appellees’ declaration that they were the owners of the legal title and/or leasehold interest in the SWj4. of the SEJ4; the Efá of the SEJ4 of Section 16; and the NWJ4 of the SWJ4 of Section 15, all in Township 6 North, Range *926 17 East in Lauderdale County. The Mississippi State Highway Commission, hereinafter referred to as Commission, took over a county road located north of their lands and reconstructed it into a paved state highway. This work involved changing the grade and surface of the road, widening the surface, and reshifting earthen material within the right-of-way. The Commission caused additional sand and clay to be brought in and placed on the road bed. Ap-pellees charged that in doing this work the Commission caused the natural flow of water from the area to increase and carry with its flow, dirt, sand, clay and other materials down a natural drain into a lake located on their land.
It was also charged that as a result of the work, the lake was partly filled by debris, sand, clay and other material, rendering the lake unfit for commercial fishing purposes and as a watering place for cattle.
Appellees alleged that they had sustained losses of $1,000 as special damages for the loss of income and $10,000 damages for the depreciation in market value of their property. The Commission interposed a general demurrer which was overruled. It then answered denying that the appellees’ land had been damaged, and that they were entitled to recover any damages. A verdict was returned and judgment rendered in favor of the appellees for $4,000. From this judgment the Commission appeals.
Appellant urges many grounds for the reversal of this case. We will notice only those which we deem material. It urges first that the trial court was in error in overruling its general demurrer, but recognizes that the demurrer was properly overruled if we follow our decision in Mississippi State Highway Commission v. Engell, 251 Miss. 855, 171 So.2d 860 (1965). In that case we held that when the Commission damages property as a result of public use Mississippi Constitution of 1890, Article 3, Section 17 imposes liability for such damage even though not the result of negligence. The Commission contends that this decision is in conflict with our decisions in Indian Creek Drainage District No. 1 etc. v. Garrott, 123 Miss. 301, 85 So. 312, and Jones v. George, 126 Miss. 576, 89 So. 231, and suggests that these cases were not considered in Engell. However, we examined these cases when considering the suggestion of error in Engell, and found that they were readily distinguishable from Engell and the cases cited therein. The Garrott and George cases involved damages caused by vagrant floodwaters which left the channel of the river and spread for miles over the river basin or adjacent valley. The Court in these cases characterized the waters as being vagrant floodwaters as distinguished from ordinary surface or rain waters, or regular running streams. Here as in Engell, we are dealing with damage caused by surface waters. It is apparent that the trial court was correct in overruling the general demurrer.
The proof in this case is sufficient to show that appellees were the leaseholders of the east half of the southeast quarter and the southwest quarter of the southeast quarter of what is commonly referred to as Sixteenth Section School Land. They had a fish lake on the property which the proof shows was practically all in the northeast quarter of the southeast quarter with approximately an acre in the northwest quarter of the southeast quarter of Section Sixteen. It should be pointed out that the last described quarter section was not included in the declaration, although appellees held a lease on this land. Before the Commission began reconstruction of the road, appellees’ lake was a good fishing lake with abundant clear water for cattle. The work was done over a period of about one year, and while it was underway, heavy rains washed dirt, sand, clay and other debris from the road down a natural drain for a distance of approximately 1900 feet into the upper end of appellees’ lake. Approximately one acre of the lake was filled with this material, causing it to become muddy and unsuitable for fishing and watering of cattle. The Commission admitted that some material was washed from the highway during construction, but denied that any of *927 it ever reached the lake. It also admitted that the lake became muddy after rain, but alleged that this was caused by erosion of the land north of the lake rather than by the construction. The jury resolved the conflict of evidence in favor of the appel-lees, and we cannot say that their finding is against the overwhelming weight of the evidence as the Commission contends.
The serious error charged in this case is in regard to the proof and instructions on damages. Appellees do not contend that they suffered any damage other than that to the lake. There was no proof of special damages. In spite of the fact that appellees were leaseholders and not owners of the land involved here, the trial court granted appellees an instruction that the measure of damages, if any, was the difference in the fair market value of the property and/or property rights of plaintiffs immediately prior to and after the construction. In other words, the jury was authorized by this instruction to award appellees damages to property which was owned by the county. On the other hand, the court instructed the jury on behalf of the Commission that the measure of damages was the difference, if any, between the fair market value of the unexpired portion of Plaintiffs’ leasehold interest before and after the action of the Commission. It is apparent that these instructions are in direct conflict.
This action of the trial court was error, and under the circumstances of this case it was reversible error. There is no way that this conflict can be reconciled. There were no other instructions relative to the measure of damages and the jury was left without any definite guide in assessing damages. The result was a verdict which is excessive and unsupported by competent evidence.
The instruction granted at the request of the Commission is a proper instruction on the measure of damage. It is in accord with the general rule that the measure of damages where a leasehold has been damaged without an actual taking is the difference between the fair market value of the leasehold before and after the completion of the work for public use from which the damage results. In other words, appellees are entitled to recover for the depreciation in market value of their leasehold resulting from the work done by the Commission. However, we do not hold that this is the only method that may be used in arriving at damages for injury to a leasehold interest. 29A C.J.S. Eminent Domain § 143 (1965).
For the reason stated this case is affirmed as to liability and reversed and remanded for a new trial on the question of damages.
Affirmed as to liability; reversed and remanded for a new trial on question of damage.
GILLESPIE, P. J., and RODGERS, PATTERSON, and ROBERTSON, JJ., concur.