THOMAS, J.,
for the Court:
¶ 1. New Bellum Homes, Inc., the home-builder, sued Joseph and Jane Swain, the homeowners, for breach of contract, and the Swains counterclaimed for breach of contract and negligence. The Honorable Robert Louis Goza Jr. of the Circuit Court of Madison County entered judgment awarding the homebuilder damages after awarding the homeowners certain credits. Aggrieved, New Bellum Homes perfected this appeal, raising the following issues as error.
I. WHETHER THE TRIAL COURT ERRED IN DEDUCTING THE CORRECT AMOUNT OWED NEW BELLUM AND GRANTING A JUDGMENT OF $5,975.33?
II. WHETHER THE TRIAL COURT ERRED IN FAILING TO AWARD PREJUDGMENT INTEREST?
III. WHETHER THE TRIAL COURT ERRED IN ALLOWING PHOTOGRAPHS INTO EVIDENCE?
IV. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF MICHAEL STEECE AND RODNEY THOMAS AS EXPERT WITNESSES?
V. DID THE TRIAL COURT ERR IN APPLYING THE WRONG FORMULA IN DEDUCTING THE AMOUNTS CLAIMED BY APPELLEES FOR REPAIR ESTIMATES?
VI. DID THE TRIAL COURT ERR IN REDUCING THE AMOUNTS OWED APPELLANT BY AP-PELLEES?
¶ 2. We affirm the circuit court’s decision.
*304 FACTS
¶3. On August 6, 1994, New Bellum Homes, Inc. executed a written contract with Joseph and Jane Swain to construct a home on Lot 38, Roses Bluff in Madison County, Mississippi, at an agreed price of $242,000. During the course of construction of the residence, certain disputes arose between the Swains and New Bel-lum. Upon refusal by the Swains to pay monies outstanding at the time of completion of the home, a complaint was filed by New Bellum in the Circuit Court of Madison County, Mississippi, on August 18, 1995.
¶ 4. New Bellum’s complaint was against the Swains and Sunburst Bank seeking to recover $41,140 allegedly due pursuant to the terms of the construction contract, $12,237.31 allegedly due for extra work by New Bellum and amounts expended beyond the contract allowances, and $50,000 for alleged tortious breach of contract. New Bellum withdrew its claim for tor-tious breach of contract during the trial. As against Sunburst Bank, New Bellum asserted that a construction lien filed by New Bellum against the Swain residence was entitled to priority over Sunburst Bank’s deed of trust on the property. Summary judgment in favor of Sunburst Bank was granted on January 7, 1997.
¶ 5. The Swains filed a counterclaim against New Bellum on September 22, 1995, asserting that New Bellum failed to construct the residence in accordance with the contract documents, plans and specifications, and failed to construct the residence in a good and workmanlike manner. The counterclaim also asserted a claim for damages as a result of delays and wrongful acts committed by New Bellum and for breach of an oral contract for commission due Mrs. Swain if New Bellum received contracts for construction of two other residences. Further, the Swains sought punitive damages for New Bellum’s willful refusal to allow the Swains access to their residence, together with attorneys fees and court costs and requested that the construction lien filed against them by New Bellum be discharged.
¶ 6. The parties have stipulated that the balance due New Bellum pursuant to the construction contract is $41,140 subject to the competing claims asserted by the parties.
¶ 7. The Honorable Robert L. Goza, sitting without a jury by agreement, presided at the trial which commenced on January 6, 1997. After numerous continuances and delays, both sides rested. Judge Goza inspected the Swains’ residence on October 9, 1997, and rendered a memorandum opinion containing the court’s findings of facts and conclusions of law dated September 29, 1998. In accordance with the memorandum opinion, the circuit court entered a final judgment on September 29, 1998, in favor of New Bellum in the amount of $5,975.33. New Bellum’s motion to amend the findings of fact and conclusion of law and final judgment was entered on October 12, 1998, and denied by Judge Goza on November 13, 1998. It is from this denial that New Bellum now appeals.
ANALYSIS
I.
WHETHER THE TRIAL COURT ERRED IN DEDUCTING THE CORRECT AMOUNT OWED NEW BELLUM AND GRANTING A JUDGMENT OF $5,975.33?
¶ 8. New Bellum attempts to put forth approximately some sixty different arguments where the trial court made faulty findings of fact and conclusions of law in rendering the final judgment *305 amount. Mississippi law is well established and the appropriate standard of review may be found in Amerson v. State, 648 So.2d 58, 60 (Miss.1994): “For review of the findings of a trial judge sitting without a jury, this Court will reverse ‘only where the findings of the trial judge are manifestly erroneous or clearly wrong.’ ” A judge sitting without a jury “has sole authority for determining credibility of the witnesses.” Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987).
¶ 9. An appellate court will affirm a trial court sitting without a jury on a question of fact unless, based on substantial evidence, the trial court was manifestly wrong. Brown v. Williams, 504 So.2d 1188, 1192 (Miss.1987). New Bellum’s arguments for why it should not be charged for certain costs have been reviewed in the record, but we are unpersuaded that the trial judge erred. The record and the opinion of the trial court verify that the trial judge went in depth into all evidence presented on these claims. Furthermore, the trial judge went a step further and conducted a personal inspection of the residence to observe firsthand the construction work in question. We find no evidence that he was either manifestly in error or clearly wrong in any of these instances. Therefore, we find this assignment of error lacks merit.
II.
WHETHER THE TRIAL COURT ERRED IN FAILING TO AWARD PREJUDGMENT INTEREST?
¶ 10. New Bellum contends it has met the criteria for awarding prejudgment interest set forth in Preferred Risk Mutual Insurance Co. v. Johnson, 730 So.2d 574 (¶ 13) (Miss.1998); and should have been awarded prejudgment interest. We find that New Bellum failed to raise this issue with the lower court either at trial or in any post-trial motion.
¶ 11. The law is well settled in Mississippi that appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 133-34 (Miss.1993). See also Seaney v. Seaney, 218 So.2d 5 (Miss.1969); A.H. George And Co. v. Louisville & N.R. Co., 88 Miss. 306, 40 So. 486 (1906).
¶ 12. Assuming for the moment that New Bellum did properly raise this issue, an award of prejudgment interest is discretionary with the court. Sunburst Bank v. Keith, 648 So.2d 1147, 1152 (Miss. 1995). Our supreme court has commented on the award of prejudgment interest, saying:
Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith. No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment. Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue. For prejudgment interest to be awarded, the party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due. [T]o be entitled to prejudgment interest, they must meet several requirements. First, the claim for damages must be liquidated or the denial of the claim ... must have been frivolous or in bad faith. Second, the pleadings *306 must reflect a request for prejudgment interest.
Preferred Risk, 730 So.2d at 577 (¶ 12) (citations omitted). New Bellum failed to meet the necessary requirements listed above to qualify for prejudgment interest.
¶ 13. In the instant case, the damages suffered by New Bellum were in dispute and unliquidated. Had they been liquidated, there would have been no need for a finding from the court on that matter. Bad faith on the part of the Swains was never proven. We hold that the circuit court judge was within the broad bounds of his discretionary authority in denying prejudgment interest. This issue is without merit.
III.
WHETHER THE TRIAL COURT ERRED IN ALLOWING PHOTOGRAPHS INTO EVIDENCE?
 ¶ 14. New Bellum’s brief format leads to some confusion. First, New Bel-lum attempts to list some sixty-five possible issues under the statement of the issues section of which on numerous of these issues they state no issue out to the side. New Bellum then cites what appears to be the six actual issues on appeal under the summary of argument section of their brief. Furthermore, New Bellum does not state the issue above under the statement of issues section, but this issue is put forth in the summary of argument section. New Bellum then fails to brief the Court as to this issue altogether. Therefore, this Court finds that the issue is waived not only for the failure to cite authority but the failure to address the issue. The law is well established in Mississippi that this Court is not required to address any issue that is not supported by reasons and authority. Hoops v. State, 681 So.2d 521, 535 (Miss.1996) (citing Pate v. State, 419 So.2d 1324, 1325-26 (Miss.1982)). Mississippi Rules of Appellate Procedure 28(a)(l)(6) gives the requirements for the argument in an appellate brief:
The argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied upon.
Albeit New Bellum attempted to cite this as an issue in its summary of argument, New Bellum’s brief fails to cite any authority to support its position. In fact, New Bellum fails to even make an argument for this issue. Accordingly, this issue is waived not only for failure to cite authority but also for failure to address the issue. Cook v. Mardi Gras Casino Corp., 697 So.2d 378, 383 (Miss.1997).
IV.
WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF MICHAEL STEECE AND RODNEY THOMAS AS EXPERT WITNESSES?
¶ 15. New Bellum argues that the trial court erred in allowing Michael Steece and Rodney Thomas to testify as expert witnesses. After the trial judge has determined that expert testimony will be of assistance to the trier of fact, our law requires that the judge then determine whether the witness sought to be presented is “qualified as an expert by knowledge, skill, expertise, training or education.” Hall v. Hilbun, 466 So.2d 856, 873 (Miss. 1985). Our law requires that an expert witness be qualified in fact before he or she may provide opinion evidence, although necessarily this determination involves the exercise of a certain amount of discretion on the part of the trial judge. Id. at 875; Pharr v. Anderson, 436 So.2d 1357, 1359 (Miss.1983). In Schoppe v. Ap *307 plied Chemicals Division, 418 So.2d 833, 835 (Miss.1982), our supreme court held that formal education is not the only-means of becoming an expert in a field. A witness may qualify to give an expert opinion through his experience only. See also Merritt v. Dueitt, 455 So.2d 792, 793 (Miss. 1984); Early-Gary Inc. v. Walters, 294 So.2d 181, 183 (Miss.1974), to the same effect.
¶ 16. New Bellum’s primary contention is that Judge Goza abused his discretion on numerous occasions in regard to the expert testimony of Michael Steece and Rodney Thomas. A review of the record of the instant case makes it clear that Judge Goza did not abuse his discretion in allowing Steece and Thomas to testify as expert witnesses. Steece has been a licensed general contractor in the State of Mississippi since approximately 1993. Steece is also the sole stockholder of Steece Construction, Inc. In 1978, Steece began construction work building apartments. Steece then worked for Withers Homes doing remodeling work for three to four years and then for Newsome Construction, doing commercial construction work for two years. Steece constructed homes for Freg Craig in Jackson until he started his own company.
¶ 17. In regards to Thomas, he is an employee of Western Waterproofing Co. and has approximately twenty-three years of experience in brick and mortar repair, waterproofing and restoration in general. Thomas testified that he provides estimates for brick and mortar repair and waterproofing all over the states of Mississippi and Louisiana as well as doing residential and commercial work. Thomas further stated that he visited the Swain house three times during which he inspected all the exterior of the house, grounds, and the basement area and crawl spaces underneath the Swain residence.
¶ 18. “It is well-settled that ‘[w]here conflicting testimony is presented, expert and otherwise, the chancellor is required to make a judgment on the credibility of the witnesses in order to resolve the questions before the court.’ ” Fortenberry v. Parker, 754 So.2d 561 (¶ 14) (Miss.Ct. App.2000) (citations omitted). Accordingly, we hold that the trial court acted properly in allowing the expert testimony of Steece and Thomas. Therefore, this assignment of error is without merit.
V.
DID THE TRIAL COURT ERR IN APPLYING THE WRONG FORMULA IN DEDUCTING THE AMOUNTS CLAIMED BY APPELLEES FOR REPAIR ESTIMATES?
¶ 19. Once again, the exact issue that New Bellum is attempting to brief in the case at bar is hardly clear. In New Bel-lum’s brief in the summary of argument section, the number five issue presented states that the trial court erred in applying the “wrong formula” in deducting the amounts claimed by appellees for repair estimates. However, the subheading which attempts to address this issue states that the court erred in applying the “wrong standard” in awarding appellee damages. New Bellum argues that no proof that any repairs were ever made by any witness or anyone else was ever produced at trial.
¶ 20. We have considered New Bellum’s arguments as to why it should not be charged with these costs but are unpersuaded that the trial judge erred. We find that in each instance there was substantial, credible, and reasonable evidence to support the deductions on the basis that New Bellum had failed in its obligation to perform in a workmanlike manner. The record verifies that the trial judge went in *308 depth into all evidence presented on these claims and conducted a personal inspection of the home to observe the construction work firsthand. There is no evidence that he was either manifestly in error or clearly wrong in any of these instances.
¶ 21. The trial court correctly found that in each claim where the court has found failure to construct the residence in accordance with the construction contract, the plans and specifications and in a good and workmanlike manner, the Swains are entitled, as a matter of law, to recover the cost of repairing the defects in construction of the residence. Gerodetti v. Broadacres, Inc., 363 So.2d 265, 268 (Miss. 1978). We find no merit to this assignment.
VI.
DID THE TRIAL COURT ERR IN REDUCING THE AMOUNTS OWED APPELLANT BY APPELLEES?
¶ 22. New Bellum claims that the trial court erred in reducing the amounts owed New Bellum by the Swains. Although couched in different terms, this issue is merely the same as New Bellum’s first issue which has already been addressed by this Court. The issue is without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, and CHANDLER, JJ„ CONCUR. BRANTLEY, J., NOT PARTICIPATING.