JONES, Justice:
Appellee obtained a judgment for personal injuries in the Circuit Court of the First Judicial District of Jones County. It was alleged that such injuries were the result of a collision between appellee’s truck driven by him and appellant’s freight train; and that the collision was caused by the negligence of appellant’s employees in the operation of the freight train over a public crossing on Old Highway 82 (the Maben-Starkville Road). Appellant appeals. We reverse and enter judgment here for appellant.
Several errors are assigned; but in view of our decision, it is only necessary to discuss the failure to give a peremptory instruction for appellant.
The declaration claimed :
(1) that the crossing was unusually dangerous ;
(2) that the train was traveling at an excessive rate of speed;
(3) that appellant’s employees failed to keep a reasonable and proper lookout; and
(4) that appellant’s employees failed to signal by blowing the whistle or ringing the bell, as required by law.
The lower court refused instructions as to an unusually dangerous crossing and as to speed, about neither of which is any question presented here. An instruction on failure to keep a proper lookout was given for appellee, and an erroneous instruction on signals was given.
The question is whether plaintiff’s evidence presented a jury issue. We hold it did not.
Appellee was sixty-eight-years old. He was driving a pickup truck with little mileage on it. He lived only ten miles from Maben; and there was no evidence or claim of his being unfamiliar with the road or crossing — the evidence indicates otherwise. He was traveling alone. It was a clear day, and the accident happened about 10:30 a. m. Appellee did not stop at the “Stop” sign — his excuse being “Not one in a thousand do.” And on being asked: “. . . of course, you don’t pay any attention to it?”, appellee answered that he did not. He stated his pick up truck was going 40 or 45 miles per hour when he discovered the train. While he said he first knew of the train’s being there when he was about fifty feet from the crossing, it was shown that the skid marks of his truck extended eighty-four feet west of the crossing. This distance plus his reaction time would show that he discovered the train some several feet before he reached the “Stop” sign which, it appears, was about fifty feet from the track.
When he was first asked whether the bell rang and the whistle blew, he answered, “I didn’t hear it. No, sir, I don’t think so.” Later, in answer to his attorney’s question as to whether he could have heard the whistle had it blown, he answered that he could have. As indicated, his testimony as to the signals was very weak and he was the only witness to even think the signals were not given. A picture of appellant’s engine and the evidence showed that the front of appellee’s truck struck one of appellant’s engines at a point directly un *839 der the fireman’s seat, several feet behind the front of the engine. This train consisted of three diesel engines and 194 cars. Appellee stated that he did not know which engine he had struck, but that when he was 45 feet away, part of the first engine had gone beyond the blacktop road and was on the other side of the crossing.
There were three crewmen at the front of the train and two in the caboose. Each testified that the signals were given long prior to their reaching the crossing and that the bell was still ringing after the collision.
The trainmen had a right to assume that appellee would stop at the “Stop” sign, as required by law. When it became apparent he would not, the fireman shouted to the engineer; but it was not possible then to stop in time to avoid the accident.
To summarize, we have a plaintiff who was sixty-eight years of age, had driven cars over the highways of Mississippi for fifty years, and was familiar with the road on which he was traveling. Blithely proceeding toward a known railroad crossing at a speed of 40 or 45 miles per hour, the plaintiff neared a “Stop” sign, which the law says he must obey, but which he consciously ignored and made no effort to stop until a train had entered the crossing over which he was to go. Thereupon, he applied his brakes and skidded eighty-four feet into the side of the train.
There was no substantial evidence to support appellee’s claim of negligence by appellant. A scintilla of evidence, if present here, would not be sufficient. There must be some substantial evidence to sustain the verdict. Morrell v. Shultz, 208 So.2d 906 (Miss.1968); Berry v. Brunt, 252 Miss. 194, 172 So.2d 398 (1965).
In many respects, this case is similar to and may be compared with Illinois Central Railroad Co. v. Smith, 243 Miss. 766, 140 So.2d 856 (1962), and New Orleans & N. E. R. Co. v. Burge, 191 Miss. 303, 2 So.2d 825 (1941).
Reversed and judgment here for appellant.
RODGERS, P. J., and BRADY, IN-ZER, and ROBERTSON, JJ., concur.