ROY NOBLE LEE, Justice,
for the Court:
Clifton Gallent filed suit in the Circuit Court of the First Judicial District of Harrison County, Honorable Kosta N. Vlahos, presiding, against Louisville & Nashville Railroad Company and Buck Asher, road-master, for personal injuries .sustained in a train-automobile collision. The jury returned a verdict in favor of the railroad company and Asher, and judgment was entered for them. Gallent has appealed and assigns the following errors in the trial below:
(1) The lower court erred in refusing Instructions P-14 and P-17 and' in granting Instructions D-4, D-6, and C.02.
(2)' The verdict of the jury’ evinces bias and prejudice, and was against the overwhelming weight of the evidence.
(3) The lower court erred in refusing to admit into evidence records of traffic counts ih the area of the crossing conducted by the Mississippi State Highway Commission.
Clifton Gallent, age fifty-six (56) years, accompanied by Revon St. Amant, age eighteen (18) years, was driving an automobile in an easterly direction on Railroad Street in the City of Long Beach, Harrison County, Mississippi, and approached an intersection with White Harbor Road. Railroad Street runs in an east-west direction, and *1070 White Harbor Road runs north and south. The L & N railroad tracks lie east and west in that area, and are approximately seventy-five (75) feet south of Railroad Street and its intersection with White Harbor Road. Gallent had entered Railroad Street from Beat Line Road in excess of four hundred (400) feet west of the White Harbor Road intersection, and he drove that distance east parallel with the L & N right-of-way, which was in close proximity and in plain view.
When Gallent arrived at White Harbor Road, he stopped, turned right, drove onto the L & N railroad tracks, was struck by the train, and seriously injured. He suffered amnesia from the accident and was unable to testify about what occurred. St. Amant testified that he did not hear the whistle blowing or the bell ringing on the engine, and that he did not see the train coming. He did not testify that Gallent stopped on White Harbor Road before entering the crossing. A cross-bar railroad sign and a stop sign were situated in open view on the north side of the crossing as Gallent approached it.
Two (2) cars were stopped east of White Harbor Road on Railroad Street, waiting for traffic to clear before proceeding. Gal-lent was in Railroad Street across White Harbor Road from them. The drivers of the automobiles saw the train approaching from the west. They testified that they did not hear the whistle blow or the bell ring, and that Gallent entered White Harbor Road and drove into the crossing without stopping. Another witness testified that, just before the accident, he was proceeding north on White Harbor Road and crossed the railroad tracks. He heard the engine whistle blowing, the engine light was on, and he saw the train approaching.
The evidence was conflicting as to whether or not the whistle was blowing and the bell was ringing. It was uncontradicted that Gallent failed to stop at the crossing on White Harbor Road. Evidence for Gallent indicated that high grass grew along the right-of-way and obscured the tracks in most areas. There was no evidence that the grass obstructed a motorist’s view of an oncoming train or the crossing signs. Thirty-one (31) large color photographs were introduced in evidence, which depicted the scene, the right-of-way, and streets in the vicinity of the crossing.
I.
Did the lower court err in refusing Instructions P-14 and P-17, and in granting Instructions D-4, D-6 and C.02?
Instruction P-14 would have told the jury that, if it believed from a preponderance of the evidence the crossing was unusually dangerous, and the crossing signals and signs were inadequate and the failure of the railroad company to provide additional crossing signals and signs constituted negligence contributing to the accident, the jury verdict should be for the plaintiff.
Instruction P-17 stated that, if the jury believed the railroad company failed to exercise ordinary care in warning the public of the existence of its crossing on White Harbor Road, and that the railroad company was guilty of contributory negligence in such failure, the jury verdict should be for the plaintiff.
The lower court granted Instruction P — 15 at the request of the plaintiff, which told the jury that, if it believed the railroad crossing was unreasonably dangerous and such situation constituted negligence on the part of the defendants, the verdict should be for the plaintiff. Instruction P-15 was stronger for the plaintiff than P-14.
The lower court granted Instruction P-5 requested by the plaintiff, which instructed the jury that it was the duty of the railroad company to ring the bell or blow the whistle beginning at a distance of three hundred (300) yards prior to reaching the crossing and, if the jury believed that the railroad company did not give such warnings and that such failure amounted to negligence which proximately caused or contributed to the plaintiff’s injuries, then the verdict should be for the plaintiff.
Instruction P-5 submitted the same issue contained in Instruction P-17. The court is *1071 not required to give repetitive instructions on the same issue and there was no error in refusing Instructions P-14 and P-17.
The appellant complains that Instruction D-4 was error. That instruction told the jury that, if it believed L & N Railroad Company complied with the law in giving proper signals, then the operators of the train engine had a right to indulge in the presumption that the plaintiff would not drive his automobile onto the tracks in front of the train without first stopping as required by law.
In Gulf, Mobile & Ohio Railroad Company v. Grubbs, 260 So.2d 837, 839 (Miss.1972), the Court said:
The trainmen had a right to assume that appellee would stop at the “Stop” sign, as required by law. When it became apparent he would not, the fireman shouted to the engineer; but it was not possible then to stop in time to avoid the accident.
Instruction D-6 told the jury that, under the evidence in the case, the plaintiff was guilty of contributory negligence. Appellant contends that the instruction constituted reversible error in that it left the jury unguided and uninstructed.
When the evidence, is undisputed as to certain facts, which constitute negligence, it is proper for the court to instruct the jury that the offending party is guilty of negligence. In the present case,- the evidence is undisputed that appellant did not stop before entering upon the railroad crossing and it is uncontradicted that the approaching train was in open view of persons about to enter upon the crossing. Under those facts, the lower court did not err in granting the instruction.
Instruction C.02 told the jury that the burden of proof was upon the plaintiff to prove the facts necessary to establish his case by a preponderance of the evidence. Appellant complains that the instruction singled out the plaintiffs burden of proof and that the court erred in not instructing the jury on the burden of proof on the defendant’s affirmative defenses.
The instruction properly stated the law. Also, every instruction requested by the plaintiff set out his burden of proof and even the defendants’ instructions placed the burden of proof on the defendant for their defense. Those instructions did not cover affirmative defenses and assumed an unnecessary burden to the defendant.
We are of the opinion that there was no reversible error in granting and denying the instructions mentioned.
II.
Did the verdict of the jury evince bias and prejudice and was it against the overwhelming weight of the evidence?
The case of Illinois Central Gulf RR Co. v. Yates, 334 So.2d 364 (Miss.1976), is similar to the facts of the case sub judicé. That case involved failure to give the statutory signals at a public crossing. The highway upon which Yates was driving ran parallel to the Illinois Central Gulf railroad tracks for a distance of sixteen hundred (1,600) feet. The tracks were seventy-five (75) feet away from the highway diminishing to 57.6 feet at the crossing. Yates passed the train and turned left into the crossing where he was struck by the train and fatally injured. In a specially concurring opinion, this writer stated:
Therefore, since the deceased had actual notice of the presence and the approach of the train, failure to give the statutory warning signals was not a proximate cause of the collision, and liability is not imposed against appellants under that submitted issue. [334 So.2d at 369].
The verdict of the jury was not contrary to the overwhelming weight of the evidence. On the contrary, the great weight of the evidence supported the verdict of the jury. -
The remaining assignment of error is without merit.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.